IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,763

STATE OF KANSAS,
*Appellee*,

v.

RICHARD A. TRACY,
*Appellant*.

SYLLABUS BY THE COURT

1.

Generally, appellate courts in Kansas do not decide moot questions or render advisory opinions.

2.

An appeal will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased, and the only judgment that could be entered would be ineffectual for any purpose and not impact any of the parties' legal rights.

3.

In deciding whether a case is moot, appellate courts will not speculate about whether a future sentencing court will disregard statutory requirements to prepare presentencing investigation reports or deny a defendant a statutory right to object to that report.

4.

Simply pressing a point without pertinent authority, or without showing why it is sound despite a lack of supporting authority or in the face of contrary authority, is akin to

1

failing to brief an issue. When a party fails to brief an issue, that issue is deemed waived or abandoned.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 22, 2016. Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed June 19, 2020. Appeal dismissed.

*Heather Cessna*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Lance J. Gillett*, assistant district attorney, argued the cause, and *Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

PER CURIAM:  Richard A. Tracy challenges the district court's decision to classify his 1974 Colorado conviction for second-degree burglary as a person felony when determining his criminal history score prior to sentencing for a later Kansas drug offense. The State argues his appeal is moot because he completed his sentence and has been released from custody. We agree with the State and dismiss the appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

Tracy pled guilty in 2013 to one count of methamphetamine possession, a severity level 5 drug felony. For sentencing purposes, the district court found he had a criminal history score of B. This was based in part on both a 1974 Colorado burglary conviction and a 1982 Kansas burglary conviction being classified as person offenses. Tracy did not object to either classification at the time. The court imposed an underlying sentence of 36 months' imprisonment but granted a downward dispositional departure to 12 months' probation. The district court extended, and then eventually revoked, Tracy's probation and ordered him to serve the underlying sentence.

2

At the hearing at which revocation occurred, the district court noted Tracy had filed a motion to correct an illegal sentence, challenging the earlier classifications of his prior Colorado and Kansas burglary convictions. We know very little about that written motion because it is not included in the appellate record. But in denying the motion, the court determined *State v. Murdock*, 299 Kan. 312, 319, 323 P.3d 846 (2014) (holding out-of-state convictions for crimes predating the Kansas Sentencing Guidelines Act must be classified as nonperson offenses), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), did not apply retroactively. Presumably, Tracy advanced that argument in the motion. The court also held Tracy waived any challenge to those classifications because he did not object at the original sentencing hearing. It revoked the probation and ordered him to serve the underlying sentence. He appealed.

Tracy's argument appears to have changed in the Court of Appeals. He contended the district court's classification of both convictions necessarily required unconstitutional judicial fact-finding prohibited by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). The panel agreed with him in part.

The panel held Tracy's 1982 Kansas burglary conviction should have been classified as a nonperson felony under *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*). *State v. Tracy*, No. 113,763, 2016 WL 3960185, at *8 (Kan. App. 2016) (unpublished opinion) (noting under *Dickey I*, classifying Tracy's Kansas conviction as a person felony required judicial fact-finding barred by *Apprendi* and *Descamps*). But it held his Colorado conviction was properly classified. It noted Tracy's claim focused on the Colorado statute's intent element, which he argued was broader than the Kansas statute's similar element. The panel reasoned that *Dickey I* did not apply to how intent was defined when comparing statutes. *Tracy*, 2016 WL 3960185, at *11

3

("Because Tracy does not challenge whether his 1974 Colorado burglary involved a dwelling, we conclude the Colorado burglary was correctly classified as a person offense."). In doing so, it adopted the reasoning of two other Court of Appeals decisions: *State v. Moore*, 52 Kan. App. 2d 799, 377 P.3d 1162 (2016), *rev'd* 307 Kan. 599, 412 P.3d 965 (2018), and *State v. Buell*, 52 Kan. App. 2d 818, 377 P.3d 1174 (2016), *rev'd* 307 Kan. 604, 412 P.3d 1004 (2018). *Tracy*, 2016 WL 3960185, at *11.

Both the State and Tracy sought review from this court. We denied review of the State's challenge about the Kansas conviction. But we kept Tracy's request for review in abeyance pending resolution of other appeals with related issues. In the interim, the parties agree Tracy fully served his prison sentence and the applicable period of postrelease supervision. The State argues this renders Tracy's appeal moot.

Tracy objects to the mootness suggestion, arguing: (1) if this court does not correct and vacate the panel's decision, any future sentencing court might feel obligated to follow the panel's decision and again classify the 1974 Colorado burglary conviction as a person felony; (2) without a favorable outcome from this court, under *Garcia v. Ball*, 303 Kan. 560, 573, 363 P.3d 399 (2015), Tracy could not pursue a legal malpractice claim against his original sentencing attorney for not challenging the allegedly improper classification; and (3) the issue relating to classification is capable of repetition and raises concerns of public importance.

DISCUSSION

As a practical matter, Tracy argues for the impractical—that we should remand his case back to the district court for resentencing, even though he has entirely served his original sentence. We reject this and dismiss his appeal as moot.

4

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). But an appeal will not be dismissed as moot unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. 295 Kan. at 840-41; *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009); *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 454, 172 P.3d 1154 (2007).

*Speculated reliance by a future sentencing court on the panel's decision*

Tracy claims if we do not correct the Court of Appeals decision, a future district court will feel obligated to follow the panel's ruling and again classify his 1974 Colorado conviction as a person felony—if he is ever convicted again for another crime. This assertion lacks merit.

To begin with, and even assuming Tracy's premise that he has a predilection for recidivism, dismissing this appeal can have no legal effect on how a future sentencing court would classify his prior crimes in a new sentencing proceeding. State law grants a defendant the right to challenge a criminal history worksheet before sentencing. And when that happens, the burden shifts to the State to prove its accuracy by a preponderance of the evidence. K.S.A. 2019 Supp. 21-6814(c); *State v. Schow*, 287 Kan. 529, 539-40, 197 P.3d 825 (2008). Despite Tracy's suggestion that he would be precluded from relitigating this issue in a future prosecution, our sentencing guidelines contemplate a new presentence investigation for each new sentence. K.S.A. 2019 Supp. 21-6813; *State v. Collier*, 263 Kan. 629, 634, 952 P.2d 1326 (1998) (explaining collateral estoppel).

Adding to this, a future sentencing court will no doubt be guided by our decisions in *Moore* and *Buell*, both of which direct how that hypothetical court's classifying of prior

crimes, such as Tracy's Colorado conviction, should be resolved. See *Moore*, 307 Kan. 599, Syl. ¶ 3 (for an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced); *Buell*, 307 Kan. 604, Syl. ¶ 3 (same); *State v. Wetrich*, 307 Kan. 552, Syl. ¶ 3, 562, 412 P.3d 984 (2018) (same). Tracy's arguments focus on his prior crime's person/nonperson classification, which is typically a question of law. See *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019). And in a future prosecution, the crimes' classification will be determined according to the then-governing law. See 309 Kan. at 1271 (noting party challenging classification may seek benefit of change in law while direct appeal pending).

Tracy fails to explain how a future sentencing court would have authority to ignore the statutory requirements for preparing and considering a presentence investigation in a manner that would deny him his legal right to challenge "any error in the proposed criminal history worksheet." K.S.A. 2019 Supp. 21-6814(c). Similarly, to accept his argument we would have to assume that a future sentencing court would ignore controlling caselaw. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (Kansas courts are "duty bound to follow Kansas Supreme Court precedent absent indication Supreme Court is departing from previous position"). Tracy's speculative claim simply fails to demonstrate a way in which a judgment on this appeal would impact his rights as he asserts.

*Tracy's legal malpractice contention*

Tracy argues he needs postsentencing relief now for his allegedly unlawful sentence because he would otherwise be barred "if [he] wants to" pursue a legal malpractice claim against his original sentencing attorney for not objecting to that

sentence. See *Garcia*, 303 Kan. at 573 (criminal defendant required to obtain postsentencing relief from an unlawful sentence before legal malpractice claim accrued). But Tracy provides no detail about what he might assert as a basis for this alleged legal malpractice he might want to file. See *Mashaney v. Board of Indigents' Defense Services*, 302 Kan. 625, 639, 355 P.3d 667 (2015) (setting out elements of a legal malpractice claim).

He simply states,

> "In Mr. Tracy's case, because of the prolonged appeals process, although he was entitled to relief on his sentence due to the improper classification of his criminal history, he did not benefit from that relief. *If Mr. Tracy wants to pursue a malpractice claim* against his original trial counsel for not raising that issue at his original sentencing, at this point, he would be prevented from doing so unless and until this Court officially grants him relief on the classification of his Colorado second-degree burglary conviction. For this reason, this issue is not actually moot." (Emphasis added.)

Given the superficial nature of his entirely hypothetical contention, we hold Tracy fails to adequately support his claim. *State v. Gonzalez*, 307 Kan. 575, 592, 412 P.3d 968 (2018) ("Simply pressing a point without pertinent authority, or without showing why it is sound despite a lack of supporting authority or in the face of contrary authority, is akin to failing to brief an issue. When a party fails to brief an issue, that issue is deemed waived or abandoned."). This omission is particularly glaring given the flux in our sentencing laws over the relevant timeframe.

We are uncertain, for example, whether Tracy asserts his original sentencing attorney should have argued *Murdock* retroactivity, which was the claim presumably advanced in the motion to correct an illegal sentence; the comparability argument rejected by the panel; or something else. Tracy provides no explanation about how his

7

attorney would allegedly have failed in a duty to "exercise ordinary skill and knowledge" under the circumstances in this case. *Mashaney*, 302 Kan. at 639. He does not advance any concrete issue in this regard, and we should not have to speculate whether he is simply advancing a spurious argument to avoid dismissal.

Even so, we note the *Murdock* retroactivity argument could not have been made at the time of Tracy's original 2013 sentencing because *Murdock* was not decided until 2014. And even that raises additional complications because *Murdock* was overruled by *Keel* in 2015. Similarly, Tracy's argument to the Court of Appeals based on *Dickey I* was not available at the time of his 2013 sentencing because *Dickey I* was not decided until 2015, and even that is hard to square because the comparability analysis was modified again by *Wetrich* in 2018. Without more, we hold Tracy waived this argument.

*Issue capable of repetition*

Finally, Tracy suggests the panel's decision could have an impact on other defendants in other cases, i.e., the result is capable of repetition and raises concerns of public importance. But Tracy again offers no detail as how this is possible given the current state of our caselaw. We fail to see any merit to this claim because our decisions in *Wetrich*, *Moore*, and *Buell* are binding precedent and deal with the same question.

We hold the issue raised before this court is moot.

Appeal dismissed.

8

LUCKERT, J., not participating.[1]

JOHNSON, J., not participating.[2]

MICHAEL J. MALONE, Senior Judge, assigned.

* * *

ROSEN, J., concurring: I concur in the result based on the rationale expressed in *State v. Roat*, 311 Kan. __, __ P.3d __ (No. 113,531, this day decided).

NUSS, C.J., and MALONE, J., join in the foregoing concurrence.

---

[1] **REPORTER'S NOTE:** Senior Judge Michael J. Malone was appointed to hear case No. 113,763 vice Justice Marla J. Luckert under the authority vested in the Supreme Court by K.S.A. 20-2616.

[2] **REPORTER'S NOTE:** Justice Lee A. Johnson heard oral arguments but did not participate in the final decision in case No. 113,763. Justice Johnson retired effective September 6, 2019.