NOT DESIGNATED FOR PUBLICATION

No. 122,932

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTONIO MURPHY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; AMY J. HANLEY, judge. Opinion filed August 27, 2021. Appeal dismissed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jon Simpson*, assistant district attorney, *Suzanne Valdez*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., MALONE, J., and BURGESS, S.J.


PER CURIAM: After finding Antonio Murphy committed a new crime of lewd and lascivious behavior while on probation, the district court revoked his probation and ordered him to serve his underlying jail sentence. Murphy appeals, arguing there was no evidence he exposed his penis with the intent to arouse. A review of the record shows Murphy has completed his jail sentence, we therefore dismiss his appeal as moot.


1

On October 4, 2019, in accordance with a plea agreement, Murphy pleaded no contest to one count of lewd and lascivious behavior and one count of interference with law enforcement-obstruction for exposing his penis and attempting to flee law enforcement. The district court imposed a 12-month jail sentence but suspended it in favor of 12 months' probation.

Just 2 1/2 months later, on December 20, Murphy entered the lobby of the Kansas Department of Health and Environment around 9 a.m. and asked W.K., an employee there, for the phone number and address of a health care facility. W.K. provided Murphy with the requested information and agreed he could wait in the lobby for a ride. W.K. looked up from typing on her computer and observed Murphy exposing himself. Murphy's pants were pulled slightly down, and his penis was hanging over his underwear. While his penis was exposed, Murphy was talking about how cold the weather was outside and "shaking his penis a little bit." W.K. told Murphy he needed to leave, and he did. W.K. reported the incident to the police.

The State charged Murphy with lewd and lascivious behavior. The State also moved to revoke Murphy's probation for technical violations and for committing a new crime while on probation.

The district court held a probation violation hearing on February 14, 2020, where it considered the State's allegation that Murphy committed a new crime. At the hearing, W.K. testified about the events on December 20. Following arguments from the parties, the district court found Murphy exposed his penis in front of a woman and was shaking his penis in his hand. The district court found the evidence and all reasonable inferences established that the elements of lewd and lascivious behavior were satisfied and Murphy

violated Kansas law. The district court revoked Murphy's probation and imposed his underlying jail sentence.

Murphy timely appeals. On July 28, 2020, the district court entered an agreed-upon order in this case modifying Murphy's sentence to time served and ordering his release. On February 26, 2021, the State filed a Notice of Custodial Change indicating Murphy was released on July 29, 2020.

DISCUSSION

*Mootness*

Mootness is a legal question reviewed de novo. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020). "Generally, Kansas appellate courts do not decide moot questions or render advisory opinions." *State v. Tracey*, 311 Kan. 605, 607, 466 P.3d 434 (2020). An appeal will not be dismissed as moot unless "it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights." 311 Kan. at 608; *Roat*, 311 Kan. at 584. Mootness is a discretionary policy used to avoid unnecessary issues but allows a court to consider an issue "when judicial economy would benefit from a decision on the merits." 311 Kan. at 587. Cases in which a defendant seeks review of a completed sentence are not necessarily moot if possible collateral consequences to the sentence are enough to justify review on the merits. 311 Kan. at 592.

In *State v. Montgomery*, 295 Kan. 837, 844, 286 P.3d 866 (2012), our Supreme Court found Montgomery's appeal of his prison sanction for a probation violation was moot because he had completed his prison term and the State had no authority to punish or supervise him any further in the case. Because of that, any action the Supreme Court could take regarding his probation revocation would not impact on Montgomery's rights.

3

Here, the State filed a Notice of Change in Custodial Status on February 26, 2021, and attached a Letter of Incarceration. The letter is on Douglas County Sheriff's Office letterhead and is signed by Taylor Bennett, an inmate service's officer. It indicates that Murphy was released on July 29, 2020. Additionally, the record contains an order from the district court finding the State and Murphy agreed to modify his sentence to time served. The district court ordered Murphy's sentence be modified to time served and ordered his immediate release from custody.

While Murphy does not address mootness in his brief, the State asserts that deciding this appeal would not affect Murphy's rights and that we should find his appeal moot unless he offers evidence to the contrary. Murphy did not answer this challenge. Both the letter from the Douglas County Sheriff's Office and the district court's order show Murphy completed his sentence and he is no longer incarcerated. The State lacks any authority to punish or supervise Murphy any more in this case. See *Montgomery*, 295 Kan. at 841. Any action this panel could take on Murphy's appeal would not impact his rights.

While Murphy's completion of his sentence means the State can no longer punish or exercise control over him, his appeal is not necessarily moot if possible collateral consequences justify a review on the merits. See *Roat*, 311 Kan. at 592. Murphy did not address or raise any possible collateral consequences, and there is no evidence of any collateral consequences that would apply here.

Murphy has completed his sentence and has been released. Any decision by the panel would not impact his rights. Murphy's appeal is moot and is dismissed.

Appeal dismissed.