NOT DESIGNATED FOR PUBLICATION

No. 123,133

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUIS VILLANUEVA III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed October 1, 2021. Appeal dismissed.

*Michelle Davis*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and HURST, JJ.

PER CURIAM: Luis Villanueva III appeals his conviction arguing the district court erred in calculating his criminal history score. Villanueva is no longer serving any in-custody portion of his sentence, and his appeal is moot. Villanueva's appeal is dismissed.

FACTUAL AND PROCEDURAL HISTORY

In August 2019, Villanueva entered a business with a gun and threatened to kill himself and others. After leaving the business, Villanueva chased a person, still holding the gun, and threatened to kill them. This court only includes the essential facts of the August 2019 incident for its analysis. In January 2020, pursuant to a plea agreement, Villanueva pleaded guilty to aggravated assault and criminal threat related to the August 2019 incident. The presentence investigation (PSI) report listed Villanueva's criminal history score as B.

Villanueva's criminal history score was based, in part, on a 2017 Kansas conviction for criminal threat. According to the PSI report, his current conviction implicates special sentencing rules requiring a presumptive prison sentence because he used a firearm. See K.S.A. 2019 Supp. 21-6804(h). Villanueva was on probation for a Texas case, and the special sentencing rules also required his current sentence to run consecutive to that sentence. See K.S.A. 2019 Supp. 21-6606(c). At his sentencing for the August 2019 incident, Villanueva and the State agreed that the PSI report correctly stated his criminal history score as B. The district court followed the parties' plea agreement and sentenced Villanueva to a 27-month prison term and 12 months of postrelease supervision.

Villanueva timely appealed, challenging the accuracy of his criminal history score. The State filed a notice of change in custodial status under Supreme Court Rule 2.042 because Villanueva finished serving the custodial portion of his sentence on February 12, 2021. See 2021 Kan. S. Ct. R. 18. Villanueva did not challenge the State's assertion. Villanueva is now serving the postrelease supervision portion of his sentence.

DISCUSSION

Villanueva alleges the district court erred in relying on an unconstitutional conviction in calculating his criminal history score and asks this court to vacate his sentence and remand to the district court for resentencing. The district court's criminal history classification is a statutory interpretation subject to this court's unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018). The PSI report classified Villanueva's 2017 conviction for criminal threat as a "person" offense under K.S.A. 21-5415. The PSI report contained no other information about Villanueva's 2017 criminal threat conviction. Under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq., the court establishes the sentencing range for an offense by determining the severity level of the current offense and the defendant's criminal history score. The court's classification of prior convictions as either person or nonperson impacts the criminal history score. *State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015). Villanueva argues that the district court erred in classifying his 2017 criminal threat conviction as a "person offense," which may have increased his criminal history score.

I.      *Villanueva Argues His Sentence is Illegal*

In October 2019, the Kansas Supreme Court found a portion of the criminal threat statute overbroad because it impeded constitutionally protected free speech. See *State v. Boettger*, 310 Kan. 800, 801, 450 P.3d 805 (2019), *cert. denied*, 140 S. Ct. 1956 (2020). Before *Boettger*, a criminal threat was defined, in relevant part, as "any threat to . . . [c]ommit violence communicated with intent to place another in fear . . . or *in reckless disregard* of the risk of causing such fear . . . ." (Emphasis added.) K.S.A. 2018 Supp. 21-5415(a)(1). The Kansas Supreme Court found the second portion of the statute— permitting a criminal conviction for "a threat in reckless disregard of causing fear,"— violated the Constitution. *Boettger*, 310 Kan. at 801.

Villanueva's 2017 criminal threat conviction fell under the version of the statute addressed in *Boettger*. The PSI report does not state whether Villanueva's criminal threat conviction fell under the first, intent-based portion of the statute—a threat "communicated with intent to place another in fear," or the second, now unconstitutional portion - a threat "in reckless disregard of the risk of causing such fear." Villanueva argues the district court erroneously classified his 2017 conviction as a "person offense" because it did not determine whether he was convicted under the first or second unconstitutional portion of the statute—making his current sentence illegal.

An illegal sentence is any sentence "that does not conform to the applicable statutory provision, either in character or punishment." K.S.A. 2020 Supp. 22-3504(c)(1). This includes a sentence calculated using an erroneous criminal history score. *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016); *State v. Hankins*, 304 Kan. 226, 230-31, 372 P.3d 1124 (2016). This court may correct an illegal sentence at any time "while the defendant is serving such sentence." See K.S.A. 2020 Supp. 22-3504(a). Here, the State argues Villanueva is no longer serving the prison portion of his sentence and his appeal is moot.

First, this court must determine if the State has proven Villanueva is no longer in custody. An appellate court must "carefully scrutinize the reliability of evidence" related to a change in custodial circumstance. See *State v. Yazell*, 311 Kan. 625, 628, 465 P.3d 1147 (2020). The State filed a Notice of Change in Custodial Status in accordance with Rule 2.042 stating Villanueva completed the custodial portion of his sentence on February 2, 2021. The State's filing included a letter from the Kansas Department of Corrections confirming Villanueva's release. Villanueva has not contested the State's assertion that he was released from prison or controverted the accuracy of the State's evidence. This court accepts the State's Notice of Change in Custodial Status as reliable evidence to show Villanueva is no longer serving prison time.

II.    *Villanueva's Appeal is Moot*

An issue is moot when "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact the parties' rights.'" *State v. Roat*, 311 Kan. 581, 584, 466 P.3d 439 (2020) (quoting *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 [2012]). This court should only decide actual, existing controversies. The prudential mootness doctrine permits a court to dismiss a claim as moot when its decision would have no real effect on the case or parties and dismissal serves the interests of justice and judicial economy. *Roat*, 311 Kan. at 587. However, before dismissal this court must analyze whether the relief sought, if granted, would impact the appellant's current or future substantial rights. *Roat*, 311 Kan at 592-93.

The party alleging mootness must establish a prima facie case by showing the defendant "has fully completed the terms and conditions of his or her sentence." The party opposing must then show that the court's dismissal for mootness would impair the defendant's substantial interests. *Roat*, 311 Kan. at 593. The State argues Villanueva's claim is moot, and Villanueva has not asserted dismissal would impede his substantial interests. Even so, this court must still determine whether dismissal of Villanueva's claims as moot would have collateral consequences on his substantial interests. See 311 Kan. at 592-93. Under these facts, defendants sometimes argue dismissal could impact two substantial interests—the duration of their postrelease supervision, or any potential future criminal sentencing. Although Villanueva failed to rebut mootness—dismissal impacts neither of these potential interests.

5

## 1. Villanueva's Postrelease Sentence is Not a Substantial Interest Preventing Dismissal of His Appeal as Moot.

The possibility of reducing a defendant's postrelease supervision could, under circumstances not present here, constitute a substantial interest preventing dismissal for mootness. See *Roat*, 311 Kan. at 594 ("The preservation of rights for future litigation is an interest that may preserve an appeal from dismissal based on mootness."); *State v. Williams*, 298 Kan. 1075, 1082-83, 319 P.3d 528 (2014) (explaining that dismissal for mootness would impact the defendant's interests facing postrelease supervision). Unlike the defendant in *Williams*, Villanueva is not facing lifetime postrelease supervision. Villanueva's postrelease supervision terminates in February 2022. If this court agreed with Villanueva, vacated his sentence, and remanded for resentencing—that might not occur before February 2022.

In the event resentencing could occur before expiration of his postrelease supervision, Villanueva's sentencing range would still require postrelease supervision. See K.S.A. 2019 Supp. 22-3717(d)(1)(C). Villanueva's aggravated assault conviction is classified as a severity level seven felony which requires at least twelve months of postrelease supervision. See K.S.A. 2019 Supp. 22-3717(d)(1)(C). Under the best case scenario, if this court vacates Villanueva's sentence and remands for resentencing, and the district court hears the case before February 2022, and it then determines Villanueva's criminal history score was inaccurate and gives him a lower score—he would still have no relief. A panel of this court recently dismissed a similar case as moot where the postrelease supervision would not change even upon resentencing. *State v. Hollinshed*, No. 121,706, 2020 WL 5849361, at *3 (Kan. App. 2020) (unpublished opinion), *rev. denied* 313 Kan. 1043 (2021).

6

2. Villanueva's Potential Sentencing for Future Crimes is Not a Substantial Interest Preventing Dismissal of His Appeal as Moot.

Dismissal for mootness would not impede Villanueva's second hypothetical interest—the effect of his current potentially illegal sentence on any theoretical future criminal sentence. In the unfortunate event Villanueva faces future criminal conviction, the district court will calculate his then-current criminal history score applying applicable law. *State v. Tracy*, 311 Kan. 605, 608, 466 P.3d 434 (2020). The district court's imposition of a criminal history score of B here, whether accurate or not, will not carry forward to any future cases. Additionally, Villanueva may challenge any erroneous PSI reports should he find himself in such a position in the future. See, e.g., *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019) (explaining that ". . . it is the State's burden to prove by a preponderance of the evidence that a defendant committed a crime for which classification is appropriate"); see also *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018) (an illegal sentence may be corrected at any time).

3. No Exceptions to the Mootness Doctrine Prevent Dismissal of Villanueva's Appeal.

If a matter is moot, this court should only consider the merits of the case if it meets one of the applicable exceptions to the mootness doctrine. See *State v. Hollister*, 300 Kan. 458, 467, 329 P.3d 1220 (2014); see also *Roat*, 311 Kan. at 592 (discussing mootness exceptions). Courts commonly recognize that even when moot, a decision on the merits may be appropriate when the matter is of public, statewide importance, when the matter is capable of repetition, or when a real controversy remains. *Hollister*, 300 Kan. at 467.

Villanueva's appeal does not involve a statewide interest that public policy dictates needs addressed. Kansas law preventing illegal sentences is clear. As explained above, there is no current or collateral controversy remaining. Finally, although the

alleged error of illegal sentences is capable of repetition—a decision here would not change any existing law or otherwise work to prevent such repetition.

CONCLUSION

Villanueva appeals a sentence for which there is no current case or controversy. He is no longer in prison and his appeal does not impact a substantial interest because the relief sought cannot alter his postrelease sentence or impact any future criminal sentence. Villanueva's appeal is dismissed as moot.

Appeal dismissed.