NOT DESIGNATED FOR PUBLICATION

No. 123,891

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER W. PARRISH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed August 5, 2022. Appeal dismissed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before WARNER, P.J., HURST, J., and TIMOTHY G. LAHEY, S.J.


PER CURIAM: Christopher Parrish appeals the district court's decision to revoke his probation. While this appeal was pending, the State notified this court that Parrish had completed his underlying prison sentence. Parrish argues that we can still decide the claims he raises in his appeal, however, because if he were placed back on probation, he might have the opportunity to elect whether the jail credit from this case should apply in a separate case he has pending. But because Parrish finished serving his prison sentence, we have no authority to place him back on probation. We thus dismiss his appeal as moot.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Parrish pleaded guilty to two Kansas Offender Registration Act (KORA) violations after he did not report a new email address and phone number to the State, as KORA required. At sentencing, the district court granted a downward departure to probation, with a 60-month underlying prison term.

Parrish struggled on probation. He regularly tested positive for marijuana, leading to two probation-violation hearings and multiple sanctions. Parrish ended up serving two- and three-day jail sanctions, but in both violation hearings the district court continued probation and ordered a new drug and alcohol evaluation.

In 2018, the State moved to revoke Parrish's probation based on five new probation-violation allegations. The State alleged that Parrish

- failed to attend drug and alcohol treatment;

- failed to report law-enforcement contact;

- submitted two drug tests positive for marijuana; and

- committed a new crime, based on new charges for possession of child pornography/exploitation of a child.

Parrish represented himself at the hearing on these alleged violations. He admitted that he had tested positive during one drug test but disputed the State's other allegations. Because Parrish had stipulated to one violation, the State did not present any evidence on its other allegations, and the hearing turned to the appropriate disposition. The district court then revoked Parrish's probation and imposed his underlying prison sentence. In doing so, the court bypassed any intermediate sanctions because it believed it had the

2

authority—based on the probation-revocation statute then in effect—to revoke Parrish's probation since it had resulted from a downward dispositional departure.

Parrish appealed. While his appeal was pending, the Kansas Supreme Court held that the provision allowing district courts to bypass intermediate sanctions when probation resulted from a downward dispositional departure did not apply retroactively. *State v. Coleman*, 311 Kan. 332, 332-33, 460 P.3d 828 (2020). Thus, for crimes committed before July 1, 2017—the date the provision went into effect—district courts could not bypass intermediate sanctions just because they had granted dispositional departures. 311 Kan. at 337.

Parrish's KORA violations occurred before July 1, 2017. Thus, applying *Coleman*, this court reversed Parrish's probation revocation. *State v. Parrish*, No. 121,343, 2020 WL 4379126, at *3 (Kan. App. 2020) (unpublished opinion) (*Parrish I*). We indicated in that opinion that because the dispositional-departure exception did not apply, in light of the one violation found (the positive drug test), "[t]he district court was required to impose a 120- or 180-day prison sanction before revoking Parrish's probation and imposing the underlying prison sentence." 2020 WL 4379126, at *3. We thus reversed Parrish's probation revocation and remanded the matter for further proceedings. 2020 WL 4379126, at *3.

The district court held a hearing in October 2020 to determine the scope of the case on remand. Ultimately, the court determined it could reopen the violations stage of Parrish's probation-revocation proceedings because, although the court had only proceeded on Parrish's one admitted violation, the State had not withdrawn—and the court had not ruled on—the other four allegations from the warrant. The court thus set the case for an evidentiary hearing on the remaining violation allegations.

3

At the hearing on these violations, the district court heard evidence on all the remaining allegations, but the focus was on the allegation that Parrish had committed a new crime. Given the evidence presented, the court found that Parrish had violated his probation by committing a new crime—based on Parrish's pending child-pornography-related charges in another case—and deferred disposition to a later hearing.

At the disposition hearing in early 2021, the district court again revoked Parrish's probation because the finding that he committed a new crime also allowed it to bypass intermediate sanctions. See K.S.A. 2014 Supp. 22-3716(c)(8). Thus, the district court once again imposed Parrish's underlying 60-month prison sentence.

Parrish again appealed, disputing the district court's interpretation of this court's earlier mandate and arguing the district court could not reopen the violations stage of his probation-revocation proceedings on remand. While this appeal was pending, we ordered the parties to show cause why we should not dismiss the appeal as moot. In our order, we noted that although the district court had imposed Parrish's 60-month prison sentence in 2021, he had accrued significant jail credit because he had been in jail since 2018. He also had the possibility of receiving up to 15% good-time credit. Given this extensive potential credit, it was possible that Parrish already completed his 60-month sentence.

After we issued the show-cause order, the State responded and notified us of a change in custodial status under Supreme Court Rule 2.042 (2022 Kan. S. Ct. R. at 18). In its notice, the State provided a letter from the Kansas Department of Corrections explaining that Parrish recently completed his prison sentence and had begun postrelease supervision, though he remains in jail for his other case (which is still ongoing). Parrish also responded, arguing we should reach the merits of his appeal despite this change.

DISCUSSION

The State argues that this probation-revocation appeal is moot because Parrish has completed his underlying prison sentence. Parrish responds that this appeal is not moot because, if he prevails on the merits, he will go back on probation. He argues that if that were to occur, the jail credit that went toward his sentence in this case could apply to any sentence in his pending child-pornography case. Parrish also argues that even if the appeal is moot, this court should nevertheless retain jurisdiction and reach the merits of his case because the issue he raises—the scope of this court's mandate in *Parrish I*—is important and capable of repetition.

Unlike the legislative and executive branches, Kansas courts do not have the constitutional authority to issue advisory opinions. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 898, 179 P.3d 366 (2008). Instead, courts decide concrete questions that will have an actual impact on the parties before us. We "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before [us] and . . . adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020).

So even if a court case began with an active dispute, courts will generally not continue to hear the case if the issues presented become "moot." 311 Kan. at 584. An issue is moot when "'the actual controversy'" has ended, and any judgment that could be entered "'would be ineffectual for any purpose'" and "'would not impact any of the parties' rights.'" 311 Kan. at 584. Mootness is not a jurisdictional bar to deciding a case, and a court may, in its discretion, opt to consider the merits of otherwise moot questions when the issues presented "are capable of repetition and present concerns of public importance." 311 Kan. at 590.

Applying these principles, Kansas courts have found that sentencing challenges become moot after a sentence is completed. See *State v. Tracy*, 311 Kan. 605, 605, 466 P.3d 434 (2020). The same is true for probation—once a person completes his or her underlying sentence, a challenge to a probation revocation becomes moot. There is no longer any "sentence to be suspended." *State v. Kinder*, 307 Kan. 237, 243, 408 P.3d 114 (2018). "And if there is no sentence, it obviously cannot be exchanged for probation." 307 Kan. at 243; see also *State v. Dominguez*, No. 123,985, 2022 WL 628138, at *2 (Kan. App. 2022) (unpublished opinion) (district court cannot extend probation after defendant completes underlying prison sentence); *State v. Jenkins*, No. 121,370, 2020 WL 3885625, at *2 (Kan. App.) (unpublished opinion) (after defendant completes prison sentence, issue of whether district court should have imposed probation is moot), *rev. denied* 312 Kan. 897 (2020).

In his response to our show-cause order, Parrish attempts to distinguish *Kinder* and these related cases by pointing out that he has two cases to which his jail credit could apply, not just one. But this argument rests on a faulty premise—that, if successful on the merits, he would go *back* on probation. No matter how many ongoing cases Parrish has, "a defendant in a criminal case cannot be placed on probation if he or she has already served the underlying term of the sentence." *Jenkins*, 2020 WL 3885625, at *2. We cannot reinstate probation on a sentence that no longer exists for appeal purposes. Thus, because Parrish completed his underlying prison sentence, this probation-revocation appeal is moot.

Parrish argues that even if this appeal is moot, we should nevertheless reach the merits of his claims because the appeal presents an issue of public importance that is capable of repetition. He asserts that deciding the scope of the *Parrish I* mandate would clarify when a district court can reopen the violations stage of a probation-revocation proceeding on remand and whether res judicata principles bar such a procedure. But the issues on appeal are case-specific and fact-intensive; they turn on interpreting the

language of the mandate from Parrish's first direct appeal, which was based on the specific facts and circumstances of his earlier probation-revocation proceedings. In other words, the mandate was tailored to Parrish's case and would provide extremely limited—if any—meaningful guidance to other courts and litigants.

In sum, Parrish's appeal challenging the revocation of his probation is moot because he has completed his underlying prison sentence. Parrish has not demonstrated that an exception to the mootness doctrine warrants our continued review of his claims. Because the only judgment we could render in this case "'would be ineffectual for any purpose, and it would not impact any of the parties' rights,'" we dismiss the appeal. See *Roat*, 311 Kan. at 584.

Appeal dismissed.