NOT DESIGNATED FOR PUBLICATION

Nos. 124,092
124,093

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JONATHAN LEVI MANGOLD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Marion District Court; MICHAEL F. POWERS, judge. Opinion filed September 23, 2022. Appeal dismissed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before CLINE, P.J., ISHERWOOD and HURST, JJ.


PER CURIAM: Jonathan Mangold agreed to plead no contest as charged in two separate cases, 17 CR 124 and 17 CR 133. The State did not consolidate the charges into a single document, but the district court addressed both pleas in one hearing. Mangold's sentences were also imposed during a single proceeding at which time the district court applied his criminal history score to the base sentences in both cases and sentenced Mangold to consecutive prison terms of 30 and 28 months. Mangold now brings an appeal to us that leverages a dual pronged attack against those sentences, contending they

1

are illegal. He first claims the district court erred in denying the motions to correct illegal sentence that he submitted in those cases. In those filings, Mangold alleged the sentencing court improperly applied Special Rule 26, which mandates imprisonment for a third drug offense. Specifically, he asserted that the prison sentence he received in 17 CR 124 was illegal because the drug conviction entered in that case was improperly classified as his third drug offense under the special rule, despite the fact he entered his plea in that case before he entered his plea in 17 CR 133, and the drug offense in 17 CR 133 was classified as his second drug offense. Next, Mangold claims, for the first time on appeal, that the district court imposed illegal sentences in violation of K.S.A. 2016 Supp. 21-6819(b)(4) and K.S.A. 2016 Supp. 21-6819(b)(5), when it applied his criminal history to both cases because those cases were "functionally consolidated." But Mangold has already completed the prison portion in both challenged cases. Thus, his claims are moot and we decline to delve into the merits of either of his contentions. Mangold's appeal is dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Jonathan Mangold with possessing morphine, THC, and drug paraphernalia, as well as driving while suspended, transporting an open container, and operating a motor vehicle without a tag light, under case number 17 CR 124. It alleged the crimes occurred on May 21, 2017. Ten days later, the State charged Mangold with possession of methamphetamine, THC, and drug paraphernalia, as well as interference with law enforcement and battery against a law enforcement officer, under case number 17 CR 133, for conduct that allegedly occurred on June 3, 2017.

Mangold agreed to plead no contest as charged in both cases and the court accepted the plea for both in a single hearing. Several months later, the parties reconvened for sentencing. The court declined to find substantial and compelling reasons existed to grant Mangold's request for a dispositional departure and turned to sentencing

in 17 CR 124. It found Mangold had a criminal history score of C, without objection, and imposed a prison term of 30 months for his possession of morphine conviction. It further ordered the sentences for his remaining misdemeanor offenses to run concurrently with one another and with the felony, followed by a postrelease supervision period of 12 months. The court moved on to 17 CR 133, again found Mangold had a criminal history score of C, and applied Special Rule 26 because it marked Mangold's third felony drug conviction, and the crime was committed while Mangold was on felony bond. The judge sentenced Mangold to serve 28 months in prison for the possession of methamphetamine conviction and ordered that it run consecutive to the sentence imposed in 17 CR 124.

In September 2020, Mangold filed a motion to correct an illegal sentence, arguing that a lack of government funding toward a substance abuse program violated his right to due process. Two months later, he filed an amended motion to correct an illegal sentence in which he reiterated the funding claim, and also argued that his sentence in 17 CR 124 was erroneously ordered to run consecutively to that imposed in 17 CR 133 through a flawed application of Special Rule 26. The district court conducted a hearing on the motions but, after hearing arguments from the parties, both motions were denied.

Mangold timely brings the matter before us to determine whether he is truly entitled to relief from sentences that are illegal.

MANGOLD'S APPEAL IS MOOT

After Mangold's brief was submitted, the State filed a notice of change in custodial status in accordance with Supreme Court Rule 2.042 (2022 Kan. S. Ct. R. at 18), revealing Mangold satisfied the prison portion of his sentence in November 2021. The State's notice included appropriate documentation reflecting Mangold was no longer subject to the custody of the Department of Corrections. Thus, the State argues we should decline to address the alleged impropriety of Mangold's sentences. We agree.

3

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). An appeal will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased, the only judgment which could be entered would be ineffectual for any purpose, and it would not impact the rights of the parties. *State v. Tracy*, 311 Kan. 605, 608, 466 P.3d 434 (2020). In *Montgomery*, the district court revoked Montgomery's probation and sent him to prison to complete his underlying sentence. But Montgomery completed his prison sentence during his appeal of his probation revocation. As a result, the Kansas Supreme Court held that Montgomery's case was moot because it could no longer alter his prison term in any way. 295 Kan. at 844.

By that measure, Mangold's issues are likewise moot. The prison sentences he endeavors to challenge have already come and gone. Although he remains subject to postrelease supervision, that would not be affected in any way by a resolution of the merits of his claims. Finally, the length of Mangold's completed prison sentences would have no meaningful consequence in future cases, so he cannot argue that a detailed analysis is necessary to vindicate his future rights. Because Mangold's claims fall within the mootness rule reiterated in *Montgomery*, his appeal must be dismissed.

Appeal dismissed.