NOT DESIGNATED FOR PUBLICATION

No. 127,454

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ERIC HARBACEK,
*Appellant*,

v.

DONALD LANGFORD, WARDEN, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; CAREY L. HIPP, judge. Submitted without oral argument. Opinion filed March 7, 2025. Appeal dismissed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Robert E. Wasinger*, legal counsel, Ellsworth Correctional Facility, for appellees.

Before PICKERING, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: Eric Harbacek appeals the dismissal of his K.S.A. 60-1501 petition in which he alleged the Kansas Department of Corrections (KDOC) was unlawfully detaining him. While Harbacek's appeal was pending, his counsel notified this court that Harbacek had died. Harbacek's death leaves this court without the ability to affect his legal rights at issue in this case, and his appeal is therefore dismissed as moot.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are undisputed. In January 2021, while on parole for crimes committed prior to July 1, 1993, and past his conditional release date, Harbacek violated his parole by committing a new crime. The KDOC promptly issued an arrest warrant, and Harbacek spent 741 days in jail awaiting disposition of the case. He eventually pled no contest and was sentenced to 21 months in prison with a 12-month postrelease supervision period. At sentencing, the district court found Harbacek's jail-time credit satisfied his entire 21-month prison term for the new crime.

After Harbacek was sentenced in his new case, he was taken into custody by the KDOC, and the Prisoner Review Board (PRB) later held a hearing and revoked Harbacek's parole in his prior case and passed him to a new hearing date. Harbacek then engaged in the internal administrative process to challenge the KDOC's decision. First, he filed an inmate-request-to-staff-member form alleging the KDOC impermissibly aggregated his old and new sentences in violation of K.S.A. 22-3717(f). KDOC staff responded that Harbacek "is a parole violator with a new sentence, regardless of whether the new sentence is time served or not." The KDOC informed Harbacek that "[h]e must see the Prisoner Review Board and be paroled to the new case. At that time, the new sentence will be calculated as time served and he will be released to supervision." Next, Harbacek filed an internal grievance form asserting the same allegation, to which he received the same response. Harbacek elevated his grievance to the Ellsworth Correctional Facility Warden Donald Langford, who affirmed the decision, likewise stating to Harbacek: "Your new case will be time served. However, you must be paroled to your new case by the PRB." Harbacek thereafter appealed the decision of the Warden to the Secretary of Corrections, who likewise affirmed the initial response of KDOC staff.

2

Having exhausted his administrative remedies, Harbacek filed the K.S.A. 60-1501 petition at issue in this appeal. In his petition, Harbacek alleged he was "being illegally and unlawfully incarcerated by the respondents (KDOC)." Harbacek argued the KDOC was unlawfully detaining him "on an illegal aggregated sentence he has already served" and "placing him back on an old sentence as if the new sentence never happened." Harbacek contended he was being illegally detained under his old sentence because he had already served his new sentence and therefore, under the governing statutory scheme, should be released. Upon reviewing Harbacek's petition, the district court found he may be entitled to relief, issued the writ, and directed the respondents to file an answer. See K.S.A. 2023 Supp. 60-1503(a) ("If the judge finds that the plaintiff may be entitled to relief, the judge shall issue the writ and order the person to whom the writ is directed to file an answer within the period of time fixed by the court or to take such other action as the judge deems appropriate."). The defendants moved to dismiss Harbacek's K.S.A. 60-1501 petition, arguing "K.S.A. 22-3717(f) controls petitioner's sentence computation and his new 21 month sentence cannot begin until he is paroled to it by the Kansas Prison Review Board (KPRB)."

The district court conducted a hearing at which Harbacek proceeded pro se and argued that his case presented an unusual issue because he had accrued enough jail-time credit to satisfy his entire new sentence. The respondents argued that "even though [Harbacek]'s done enough time on [his new sentence], it cannot begin until the prison review board paroles him to it. And then when they do, he gets that 741 days, and that sentence is satisfied. But it begins only on the parole of the prison review board, on their decision."

The district court conducted another hearing and thereafter granted the defendants' motion to dismiss Harbacek's K.S.A. 60-1501 petition, reasoning the KDOC had followed the applicable statutes and did not impermissibly aggregate his sentences. In its subsequent journal entry, the district court explained:

3

"The Court finds the KDOC adhering to K.S.A. 22-3717(f) did not aggregate the old indeterminant sentence with the new determinant sentence. So pursuant to K.S.A. 22-3717(f) while the Petitioner was awarded sufficient jail credit to cover the 21-month sentence, the sentence could not begin until the Kansas Prison Review Board paroled him to the new sentence, at which time the 21-month sentence would be satisfied and the Petitioner would be released to post release supervision."

Harbacek filed a timely notice of appeal and requested the appointment of appellate counsel to represent him, which the district court granted. It appears from this court's review that Harbacek was released from custody on May 1, 2024, pending disposition of his appeal. Unfortunately, in January 2025, Harbacek's counsel notified this court of Harbacek's death. Thereafter, this court ordered the parties to show cause why this appeal is not moot given Harbacek's death. Harbacek's counsel responded that the appeal was moot and therefore did not object to dismissal of the appeal; Appellees failed to respond.

## DISCUSSION

Although mootness is a prudential rather than jurisdictional doctrine, this court generally does not consider moot questions. See, e.g., *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020); *State v. Tracy*, 311 Kan. 605, 607, 466 P.3d 434 (2020). A claim is moot when "'it is clearly and convincingly shown the actual controversy has ended'" and any action by the court would not affect the parties' rights related to the claim. *Roat*, 311 Kan. at 584. When an appeal solely challenges the defendant's sentence, a prima facie case of mootness can be shown when the defendant has fully completed the terms of the sentence. 311 Kan. at 593.

Harbacek's appeal is essentially a claim that his sentence is illegal, but his death makes him unable to complete his sentence—regardless of what this court decides. Even if this court agreed with Harbacek's arguments on appeal, this court can no longer affect

4

his rights related to his sentence. However, such an appeal might not be moot if the court's decision could affect the defendant's collateral rights or interests. See *Roat*, 311 Kan. at 592-93. Neither party makes such a claim, and this court finds Harbacek's appeal does not involve such rights or potential continuing injuries. Finally, neither party claims this appeal presents an issue capable of repetition and raising concerns of public interest that warrants this court's review despite its mootness.

CONCLUSION

Harbacek's appeal of the dismissal of his K.S.A. 60-1501 petition challenging the KDOC's computation of his sentence is rendered moot by his death. This court can no longer affect his rights through this appeal, and it is therefore dismissed.

Appeal dismissed.