NOT DESIGNATED FOR PUBLICATION

Nos. 128,707
128,720

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ISIDRO FRANCISCO TOMAS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Douglas District Court; BLAKE GLOVER, judge pro tem. Submitted without oral argument. Opinion filed April 10, 2026. Appeal dismissed.


*Jessica R. Kunen*, of Lawrence, for appellant.


*Jon Simpson*, senior assistant district attorney, *Dakota Loomis*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.


PER CURIAM:  In 2023, Isidro Francisco Tomas pled guilty in two separate Douglas County cases. In the first, Tomas pled guilty to the crimes of violation of a protection order and domestic battery, and in the second, Tomas pled guilty to domestic battery. The district court sentenced Tomas to 12 months in jail in the first case and 6 months in jail in the second, and ran the cases consecutively for a total jail term of 18 months. The district court suspended these sentences and placed Tomas on probation for 18 months. Tomas' probation was subject to multiple conditions ordered by the court,

1

including orders to obey all laws, abstain from alcohol, have no violent contact with the victim, and obtain mental health, substance abuse, and batterer's intervention assessments.

Less than one year later, the State alleged Tomas violated the terms of his probation. At his probation revocation hearing, Tomas stipulated that he violated his probation by committing new offenses in Missouri, including municipal convictions for the crimes of assault and operating a vehicle without a valid license, and felony convictions for the crimes of domestic assault and endangering the welfare of a child. Tomas stipulated to the use of alcohol preceding one of these crimes and that the victim in his new Missouri offenses was the same victim as in his Kansas cases. Tomas also stipulated that he failed to complete the assessments the district court had ordered as conditions of his probation. Tomas explained that his incarceration in Missouri for six months had prevented him from completing the evaluations.

At the conclusion of the probation revocation hearing, the district court accepted Tomas' stipulation and found that he had violated the terms of his probation. The district court ordered that Tomas serve each of his jail sentences, minus credit for time served. Tomas appealed.

While Tomas' appeal was pending, he completed his sentence and was released from Douglas County jail on September 12, 2025. On January 8, 2026, this court ordered Tomas to show cause why his appeal should not be dismissed as moot. Tomas responded, "Collateral consequences of probation revocation can affect the pending cases and future cases," citing *State v. Williams*, 298 Kan. 1075, 1082-83, 319 P.3d 528 (2014). *Williams* established that lifetime postrelease supervision carries significant potential consequences that warrant appellate consideration even after a defendant completes the prison portion of their sentence. 298 Kan. at 1081-83.

In its brief, the State argues that Tomas' appeal is moot because "'the actual controversy has ended'" and a judgment would have no impact on his rights, citing *State v. Roat*, 311 Kan. 581, 592, 466 P.3d 439 (2020). We note recent developments regarding the application of the mootness doctrine in Kansas. In *State v. Phipps*, 320 Kan. 616, 622-23, 570 P.3d 1240 (2025), *reh. granted* October 17, 2025, the Kansas Supreme Court overruled *Roat's* mootness analysis and held that mootness is a jurisdictional bar to appellate review. However, because the court has granted rehearing in *Phipps*, its prior decision is effectively suspended. See Supreme Court Rule 7.06(c) (2026 Kan. S. Ct. R. at 51). Accordingly, for the purposes of this appeal, the principles found in *Roat* continue to apply.

An appellate court's review of mootness is de novo. 311 Kan. 581, Syl. ¶ 3. The State, as the party asserting mootness, bears the initial burden of establishing a prima facie showing of mootness. 311 Kan. at 593. It has done so here. It is uncontroverted that Tomas has completed his sentences. The burden then shifts to Tomas, as the party opposing the mootness challenge, "to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." 311 Kan. at 593.

Tomas argues that the possible collateral consequences of his appeal being dismissed warrant a finding that his appeal is not moot. Tomas claims these collateral consequences include "effects on criminal history in Kansas or other states or enhancement of future sentences." Tomas also points out that he would have a probation revocation on his record when being considered for probation in the future, and an erroneous revocation could impact his probation in Missouri or result in an enhancement of his Missouri sentences.

We first consider Tomas' argument that the consequences of this appeal could impact his criminal history or result in a sentence enhancement based on criminal history.

3

This argument was considered by the Kansas Supreme Court in *State v. Tracy*, 311 Kan. 605, 466 P.3d 434 (2020). Tracy challenged the criminal history classification of a prior out-of-state conviction, but while his appeal was pending, he completed his sentence. 311 Kan. 605-06. Tracy argued against mootness, but the Kansas Supreme Court held "dismissing this appeal can have no legal effect on how a future sentencing court would classify his prior crimes in a new sentencing proceeding. State law grants a defendant the right to challenge a criminal history worksheet before sentencing." 311 Kan. at 608.

Similarly, the dismissal of Tomas' appeal would not prevent him from objecting to his criminal history, or a sentence enhancement based on criminal history, in the future. And Tomas does not argue that being ordered to serve a jail sentence as part of the disposition portion of his probation revocation hearing even impacts his future criminal history. A point raised incidentally in a brief and not argued therein is deemed waived or abandoned. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). We find no merit to Tomas' argument that a dismissal of his appeal could impact his future criminal history score or result in a sentence enhancement.

We next consider Tomas' argument that the existence of a probation revocation on his record might impact his rights when being considered for probation in the future. Of note, Tomas does not dispute that he *violated* his probation; rather, he argues the district court abused its discretion by imposing his jail sentences as part of the *disposition* of his probation violation. This is an important distinction. Challenges to the disposition portion of a probation revocation proceeding do not provide a basis to overcome mootness where the sentence has been served.

> "In this appeal, Montgomery complains that, after he admitted to breaking the rules of probation, the district court did not grant his request to go to drug treatment or the county jail, instead of prison. In other words, Montgomery does not challenge the fact that he violated the terms and conditions of his probation; he merely complains about the resulting punishment. We cannot change the sanction imposed for the probation violation

4

because the prison term that Montgomery was ordered to serve has been completed. Likewise, as noted above, any answer that we might give on the appropriateness of the sanction imposed will not impact any future assessment of his amenability to probation." *State v. Montgomery*, 295 Kan. 837, 844, 286 P.3d 866 (2012).

In other words, even if Tomas were successful in his appeal, the district court's finding that he violated his probation would remain unchanged. Tomas does not dispute that he stipulated to violating his probation or that the district court correctly found that he violated his probation. He only argues that the district court abused its discretion in ordering him to serve his jail sentences as part of the disposition of his probation revocation. Whether the court abused its discretion in ordering him to serve his jail sentences "will not impact any future assessment of his amenability to probation." 295 Kan. at 844. Additionally, we cannot change the sanction Tomas disputes—serving his jail sentences—because he has already completed those sentences. 295 Kan. at 844. Tomas has failed to meet his burden of proof "to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." *Roat*, 311 Kan. at 593.

A case is moot when it is clearly and convincingly shown that the actual controversy has ended and a judgment would be ineffectual to impact any of the parties' rights. See *Sierra Club v. Stanek*, 317 Kan. 358, 361, 529 P.3d 1271 (2023); *Roat*, 311 Kan. at 584. Here, it has been clearly and convincingly shown that the actual controversy has ended and a judgment would be ineffectual to impact Tomas' rights.

Appeal dismissed.