IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,557

STATE OF KANSAS,
*Appellee*,

v.

RYAN M. BERKSTRESSER,
*Appellant*.

SYLLABUS BY THE COURT

1.

When a party fails to brief an issue, that issue is deemed waived or abandoned.

2.

To determine whether a lesser included offense instruction is factually appropriate, a court must consider whether there is some evidence, viewed in a light most favorable to the defendant, emanating from whatever source and proffered by whichever party, that would reasonably justify the defendant's conviction for that lesser included crime.

3.

A district court commits instructional error by failing to sua sponte give a lesser included offense instruction that is both legally and factually appropriate. On appeal, to obtain reversal of a conviction based on that error, a defendant who has failed to request the instruction bears the burden to firmly convince a reviewing court the jury would have reached a different verdict had the error not occurred.

1

4.

Appellate courts do not ordinarily consider an issue not raised by the parties but may do so sua sponte when the issue's consideration is necessary to serve the ends of justice or prevent the denial of fundamental rights after notice to the parties and allowing them an opportunity to address the issue raised by the court.

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 23, 2021. Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed December 2, 2022. Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed, and the case is remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: The State challenges a Court of Appeals decision reversing Ryan M. Berkstresser's conviction for felony fleeing or attempting to elude a police officer. The panel ordered a new trial after it held the district court erred by failing to give an unrequested jury instruction on a lesser included misdemeanor offense and that this error justified reversal. *State v. Berkstresser*, No. 122,557, 2021 WL 6068708 (Kan. App. 2021) (unpublished opinion). We reverse the panel and affirm the conviction because the panel misapplied the standard required to determine when such an instructional error necessitates reversal.

If a reviewing court determines a district court erred by failing to give an unrequested lesser included offense instruction, its next step is to consider the degree of

2

resulting prejudice by deciding whether it is firmly convinced the jury would have reached a different verdict had this instructional error not occurred. *State v. Valdez*, 316 Kan. 1, 6, 512 P.3d 1125 (2022). But here, after the panel found error, it reversed the conviction because it held the jury "*could have* reasonably determined Berkstresser failed to yield to the officer but did not drive with a willful or wanton disregard for the safety of other persons or property as reflected in the dashcam video." (Emphasis added.) *Berkstresser*, 2021 WL 6068708, at *6. This substantively differs from deciding whether the court is firmly convinced the jury *would have reached a different verdict* on the felony charge.

We hold the panel erred by using a lower standard of doubt about the outcome to declare this unpreserved error reversible. See *State v. Carter*, 305 Kan. 139, 159, 380 P.3d 189 (2016) (clear error is in reality a heightened standard of harmlessness); Garner's Modern American Usage, p. 869 (3d ed. 2009) ("Writers often use *would* to condition statements that really ought to be straightforward."). We further hold the failure to give a lesser included offense instruction for the misdemeanor offense was not clearly erroneous because we are not firmly convinced based on the trial evidence that the jury would have reached a different verdict if such an instruction had been given, so we affirm the conviction.

That result, however, does not end the matter. We must remand this case to the district court with directions to merge Berkstresser's two alternative convictions of felony fleeing or attempting to elude a police officer under *State v. Vargas*, 313 Kan. 866, Syl. ¶¶ 1-3, 492 P.3d 412 (2021).

FACTUAL AND PROCEDURAL BACKGROUND

Neither party disputes what happened, although they portray the facts very differently. Haysville Police Officer Randy Nowak noticed a Mitsubishi sedan following too closely to another car. His dispatch advised the Mitsubishi's license plate was assigned to a different vehicle. Nowak began a traffic stop by activating his patrol car's overhead emergency lights and siren. His car displayed Haysville Police Department decals. The driver, later identified as Berkstresser, did not stop. He increased his speed, reaching 72 miles per hour in a 50-mile-per-hour zone.

Berkstresser turned west onto a country road, reaching 65 miles per hour in an unposted area where Nowak believed the speed limit was 45. Berkstresser then went north. In doing so, he made a complete stop at a stop sign but did not properly signal the turn. He pulled into a residential driveway and drove across two front yards—near multiple parked vehicles and a bystander—before moving back onto the street without stopping or yielding. Again headed north, he swerved right across the fog line toward a ditch then left across the center line into the southbound lane before entering another driveway without signaling. He stopped and fled on foot. Officer Nowak caught up with Berkstresser, who had no valid driver's license or proof of insurance.

The State charged Berkstresser with: (1) fleeing or attempting to elude a police officer by committing five or more moving violations in violation of K.S.A. 2017 Supp. 8-1568(b)(1)(E), a severity level 9 person felony; (2) in the alternative, fleeing or attempting to elude a police officer by engaging in reckless driving in violation of K.S.A. 2017 Supp. 8-1568(b)(1)(C), a severity level 9 person felony; (3) marijuana possession in violation of K.S.A. 2017 Supp. 21-5706(b)(3), a class B nonperson misdemeanor; (4) driving with a suspended or canceled license in violation of K.S.A. 2017 Supp. 8-262(a)(1), a class B nonperson misdemeanor; and (5) no proof of insurance in violation

4

of K.S.A. 2017 Supp. 40-3104(c), a class B misdemeanor. He pled not guilty. Before trial, the State dismissed the marijuana possession count.

The jury returned guilty verdicts on the two alternatively charged felony counts of fleeing or attempting to elude a police officer, as well as driving with a suspended license. It acquitted him on the proof-of-insurance charge. The district court sentenced Berkstresser to 15 months' imprisonment for the reckless driving fleeing and eluding conviction but did not sentence him for the alternative conviction (five or more moving violations). The court also sentenced him to six months in jail for the suspended license. We note the panel states the district court ordered the two sentences run concurrent. *Berkstresser*, 2021 WL 6068708, at *3. But our review of the record reflects the district court ordered these sentences run consecutive.

Berkstresser appealed, raising eight trial-error claims. Of those, the panel addressed just one that it considered dispositive: Whether the district court committed clear error by not instructing the jury on the lesser included misdemeanor fleeing offense for the count alleging reckless driving. The panel held there was error requiring it to reverse the reckless driving conviction and remanded for a new trial. 2021 WL 6068708, at *6. Inexplicably, the panel did not discuss the trial-error claims associated with the jury's remaining alternative felony conviction for five or more moving violations before remanding the case for a new trial.

The State petitioned for review on the panel's reversal of the conviction. Neither party sought review for the issues left undecided, so those are not before us. See Kansas Supreme Court Rule 8.03(b)(6)(C)(ii) (2022 Kan. S. Ct. R. at 56) ("If the petitioner wishes to have the Supreme Court determine issues that were presented to the district court and the Court of Appeals but not decided by the Court of Appeals, the petitioner must also present those issues."); *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021)

("Allen did not cross-petition on the panel's decision to drop her third claim, nor did she mention that claim in her response to the State's petition for review, so it is not before us.").

We granted the State's petition for review. Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decision); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

DISCUSSION

The State argues two points:  (1) a misdemeanor instruction was not factually appropriate so no error occurred; and (2) even if the instruction was factually appropriate and should have been given, that omission did not prejudice Berkstresser to the degree necessary to reverse his felony conviction. As explained, we agree with the State's second argument.

*Was a misdemeanor instruction factually appropriate?*

A court reviews alleged instructional error in a sequential manner. See *State v. Plummer*, 295 Kan. 156, Syl. ¶ 1, 283 P.3d 202 (2012) (establishing four-step progression with step 2 considering whether the instruction was legally appropriate and step 3 considering whether the instruction was factually appropriate). The State chose not to dispute that an instruction for the misdemeanor crime would have been legally appropriate, so our focus is drawn to factual appropriateness. See Kansas Supreme Court Rule 8.03(b)(6)(C)(i) (2022 Kan. S. Ct. R. at 56) ("The Supreme Court will not consider . . . issues not presented or fairly included in the petition for review."); *State v. Tracy*, 311 Kan. 605, 610, 466 P.3d 434 (2020) ("When a party fails to brief an issue, that issue is deemed waived or abandoned.").

6

A legally appropriate lesser included offense instruction must be given when there is some evidence, viewed in a light most favorable to the defendant, emanating from whatever source and proffered by whichever party, that would reasonably justify the defendant's conviction for that lesser included crime. K.S.A. 2021 Supp. 22-3414(3); *State v. Garcia-Garcia*, 309 Kan. 801, 820, 441 P.3d 52 (2019); *State v. Seba*, 305 Kan. 185, 204, 380 P.3d 209 (2016). The State begins by urging us to reconsider this standard's perspective.

It asserts appellate courts should instead review the evidence in a light most favorable *to the State* when the defendant did not request at trial the lesser included offense instruction in dispute. This shift, it argues, more closely aligns with the clear error standard required by K.S.A. 2021 Supp. 22-3414(3). It contends criminal defendants "who fail to request an instruction at trial should not benefit from the 'light most favorable' standard on appeal; rather, that standard should be limited to defendants whose request for an instruction was denied by the district court." Said differently, the State believes viewing the evidence in a light most favorable to the defendant is a "benefit" even though the defendant has the burden of firmly convincing a reviewing court the trial's outcome would have been different had this instructional error not occurred.

But the State faces insurmountable barriers here because it did not ask the panel to reconsider the perspective it now finds offensive. In fact, the only caselaw the State cited to the panel as supporting authority for the standard of review was *Plummer*, which expressly held "the court should determine whether there was sufficient evidence, *viewed in the light most favorable to the defendant* or the requesting party, that would have supported the instruction." (Emphasis added.) *Plummer*, 295 Kan. at 163. So when the panel referenced the *Plummer* perspective, it was just following the authority the State

provided to it. A party cannot be heard to complain when this happens. Cf. *State v. Gulley*, 315 Kan. 86, 91, 505 P.3d 354 (2022) ("'Under the invited error doctrine, a litigant may not invite error and then complain of that same error on appeal.'").

Granted, the State made vague mention of an unrequested instruction's factual appropriateness being "closely akin" to evidentiary sufficiency questions that are reviewed in a light most favorable to the State when a jury convicts on a charged crime. But this meager allusion does not fairly place the question before the panel and equates to failing to brief the issue. See *Tracy*, 311 Kan. at 610; Rule 8.03(b)(6)(C)(i). Given these failings, we decline to reconsider the applicable standard of review and will apply our existing caselaw. See *State v. Roberts*, 314 Kan. 835, 844, 503 P.3d 227 (2022) ("To be factually appropriate, there must be sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, to support the instruction.").

Moving to the merits, the State argues a misdemeanor conviction must be supported by evidence showing Berkstresser did not engage in reckless driving during the police pursuit. It reasons reckless driving is a required statutory element for the felony charge, so Berkstresser needed to demonstrate a lack of evidence on that felony element to reasonably justify giving the misdemeanor instruction. Addressing these arguments requires statutory interpretation for which we have unlimited review. *State v. Downing*, 311 Kan. 100, 103, 456 P.3d 535 (2020). We start with the statute.

K.S.A. 2021 Supp. 22-3414(3) states in part: "In cases where there is some evidence which would reasonably justify a conviction of some lesser included crime as provided in subsection (b) of K.S.A. 21-5109, and amendments thereto, the judge shall instruct the jury as to the crime charged and any such lesser included crime." K.S.A. 2021 Supp. 21-5109(b) covers lesser included offenses, by providing: "Upon prosecution for a crime, the defendant may be convicted of either the crime charged or a lesser included

8

crime, but not both." The relevant language here defines a "lesser included crime," as either "[a] lesser degree of the same crime" or "a crime where all elements of the lesser crime are identical to some of the elements of the crime charged." K.S.A. 2021 Supp. 21-5109(b)(1)-(2). And as we have noted, the State concedes the misdemeanor crime instruction was legally appropriate as the panel held. See *Berkstresser*, 2021 WL 6068708, at *5.

Keeping this statutory language in mind, we look first at Berkstresser's felony charge. The district court instructed the jury on felony fleeing by committing reckless driving under K.S.A. 2017 Supp. 8-1568(b)(1)(C) by itemizing that crime's elements as follows:

"In Count 2, the defendant is charged with fleeing or attempting to elude a police officer.

"The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1.      The defendant was driving a motor vehicle.

"2.      The defendant was given a visual or audible signal by a police officer to bring the motor vehicle to a stop.

"3.      The defendant intentionally failed or refused to bring the motor vehicle to a stop, or otherwise fled or attempted to elude a pursuing police vehicle.

"4.      The police officer's vehicle was appropriately marked showing it to be an official police vehicle.

"5.      The defendant engaged in reckless driving.

9

"6.     This act occurred on or about the 17th day of February, 2018, in Sedgwick County, Kansas."

Note the first four elements standing alone constitute misdemeanor fleeing when the defendant is a first- or second-time offender, and the record shows no prior violation of K.S.A. 2017 Supp. 8-1568(a) for Berkstresser. But the panel did not confine itself to those four elements when considering whether evidence supported a misdemeanor conviction. It instead looked to whether some evidence showed Berkstresser "did *not* drive [recklessly]," which is the fifth element that elevates the offense to a felony when accompanied by the first four. (Emphasis added.) *Berkstresser*, 2021 WL 6068708, at *6. This means the panel extended its reasoning beyond deciding whether the evidence presented could satisfy the misdemeanor offense's statutory elements. The panel erred in its reasoning, although it still reached the correct conclusion of error as we explain.

Our caselaw applying K.S.A. 2021 Supp. 22-3414(3)'s "some evidence" standard supports a conclusion that the misdemeanor instruction was factually appropriate here because the State put on sufficient evidence for the jury to find each element of the lesser crime. See *Roberts*, 314 Kan. at 852 (holding courts' duty under K.S.A. 2021 Supp. 22-3414[3] "applies even if the evidence is weak or inconclusive"; stating, "[p]roviding lesser included offense instructions allows a jury to consider the full range of possible verdicts supported by the evidence"). After oral argument, the State filed a motion for additional briefing seeking to argue this "some evidence" standard requires more, but we deny the motion because any error in failing to give the lesser instruction—one way or the other—does not require reversal in this instance.

We hold the record contains ample support to reasonably justify a misdemeanor conviction under K.S.A. 2017 Supp. 8-1568(a)(1)-(2) and (c)(1)(A). This evidence

10

includes: Berkstresser driving the Mitsubishi, a motor vehicle; Nowak giving a visual and audible signal to bring the Mitsubishi to a stop by activating the overhead emergency lights and siren on his patrol car; the video footage depicting Berkstresser intentionally failed or refused to bring his car to a stop, or otherwise fled or tried to elude a pursuing police vehicle for about five minutes; and Nowak's car having regular Haysville Police Department decals.

Despite the panel's flawed reasoning, it correctly held the district court erred in failing to give a misdemeanor fleeing and eluding instruction. We consider next whether we are firmly convinced this error prejudiced the trial's outcome.

*Was the failure to give a misdemeanor fleeing instruction harmless?*

Because Berkstresser did not request an instruction on misdemeanor fleeing, we review any prejudice resulting from the district court's failure to give the instruction for clear error. See *State v. Owens*, 314 Kan. 210, 235, 496 P.3d 902 (2021). This means the conviction must be affirmed unless the reviewing court is firmly convinced the jury would have reached a different verdict had the instructional error not occurred. *Valdez*, 316 Kan. at 6. Berkstresser bears the burden to show this. *State v. Solis*, 305 Kan. 55, 65, 378 P.3d 532 (2016).

The panel began its prejudice analysis by correctly stating the test. *Berkstresser*, 2021 WL 6068708, at *6 ("To reverse, we must be firmly convinced the jury would have reached a different verdict had it been given the option."). But its application went askew. The panel held the district court committed clear error because "[a] jury *could have* reasonably determined Berkstresser failed to yield to the officer but did not drive with a willful or wanton disregard for the safety of other persons or property as reflected in the dashcam video." (Emphasis added.) 2021 WL 6068708, at *6. It explained its conclusion

11

by noting: "Nowak's dashcam video showed Berkstresser pass a few vehicles throughout the pursuit, but the roads were mostly free of traffic. The vehicles Berkstresser did pass yielded to the police lights and sirens. Berkstresser used turn signals and stopped at stop signs during the chase." 2021 WL 6068708, at *6.

The panel's holding does not align with the correct test for prejudice. Having determined the district court should have instructed on the lesser included offense, the prejudice question is not whether a jury *could have* reasonably convicted a defendant on a lesser included offense, but whether the jury *would have* reached a different verdict on the felony conviction without the instructional error. *Valdez*, 316 Kan. at 6. These two standards are not interchangeable. See *How to use "Could," "Would," and "Should,"* The Britannica Dictionary, https://www.britannica.com/dictionary/eb/qa/How-to-Use-Could-Would-and-Should#:~:text=Just%20remember%20that%20could%20is,I%20hope%20this%20helps ("[C]ould is used to talk about something that can happen, [and] would is used to talk about something that will happen in an imagined situation."); Garner's Modern American Usage, p. 869.

Harmless error rules "'serve a very useful purpose insofar as they block setting aside convictions for small errors or defects that *have little, if any, likelihood of having changed the result of the trial*.'" *State v. Ward*, 292 Kan. 541, 560, 256 P.3d 801 (2011). And the various, context-dependent standards for prejudice our court applies represent "a 'sliding scale of probabilities,'" each of which "is formulated differently to set a higher or lower threshold or level of certainty as to whether the error affected the outcome." 292 Kan. at 563-64.

The harmless error scale is finely graduated. Errors implicating a defendant's rights under the United States Constitution, for example, must be "'harmless beyond a

12

reasonable doubt.'" 292 Kan. at 564. This requires a court holding an error harmless to conclude there is no "'reasonable possibility'" the error contributed to the verdict. 292 Kan. at 564. On the other hand, a less stringent standard for nonconstitutional errors requires a court to find only that there is no "reasonable probability" the outcome would have been different, but for the error. 292 Kan. at 565.

Here, the clear error standard bars a conviction's reversal unless the reviewing court determines the jury "'would have reached a different verdict.'" *Valdez*, 316 Kan. at 6. Clear error is "in reality a heightened standard of harmlessness." *State v. Carter*, 305 Kan. 139, 159, 380 P.3d 189 (2016). So by failing to observe the critical distinction between what the jury "could have" done and what it "would have" done, the panel's analysis diluted the applicable test for prejudice and afforded less deference to the jury's verdict. This was error.

K.S.A. 8-1566(a) provides: "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." And the undisputed evidence shows multiple instances of illegal and unsafe driving on Berkstresser's part while trying to evade police. He drove well over the speed limit; failed to timely signal his turn even though he stopped at the stop sign; drove across two residential front yards near multiple parked vehicles and a bystander; failed to stop or yield when leaving the residential driveway; crossed a fog line and center line; and failed to signal when turning into a third residential property. While the panel leaned on its observation that what few moving vehicles Berkstresser passed yielded to police, the presence of other drivers on the roadway only reinforces the evidence that his conduct imperiled the safety of those individuals and their vehicles.

13

Given this record, we are not firmly convinced the jury would have reached a different verdict by rejecting the State's allegation that Berkstresser drove recklessly during the pursuit. We affirm his felony conviction.

*Remand is required under* Vargas.

One issue remains: Whether we must remand the case to the district court to address the alternative convictions because when a jury returns guilty verdicts on two alternatively charged counts, a district court must enter only one conviction. See *State v. Vargas*, 313 Kan. 866, Syl. ¶¶ 1-3, 492 P.3d 412 (2021). That was not done here.

Recently in *Vargas*, this court held "[a] district court has no authority to hold one of two convictions for alternatively charged counts in abeyance," and therefore "[w]hen a jury returns guilty verdicts on two alternatively charged counts, a district court may enter only one conviction." 313 Kan. 866, Syl. ¶¶ 1-2. Two convictions for alternatively charged counts "should merge by operation of law . . . and result in one conviction." 313 Kan. at 873.

Neither party raised the *Vargas* merger issue, but we directed them to be prepared to address it at oral argument. This court has the power to sua sponte address a new issue under certain circumstances. See Kansas Supreme Court Rule 8.03(b)(6)(C)(i) (2022 Kan. S. Ct. R. at 56) (Supreme Court will not consider issues not properly preserved below but "may address a plain error not presented"); *Valdez*, 316 Kan. 1, Syl. ¶ 5 ("Appellate courts do not ordinarily consider an issue not raised by the parties, but may do so sua sponte when the issue's consideration is necessary to serve the ends of justice or prevent the denial of fundamental rights after notice to the parties and allowing them an opportunity to address the issue raised by the court.").

Consistent with *Vargas*, we remand this case to the district court with directions to enter an amended journal entry reflecting Berkstresser's K.S.A. 2017 Supp. 8-1568 convictions merged, making a single conviction for fleeing or attempting to elude an officer.

Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed, and the case is remanded with directions.

* * *

ROSEN, J., concurring: I agree with the majority's conclusion there was no reversible instructional error, and I agree with the direction to enter an amended journal entry reflecting merged convictions. I write separately because I would not have repudiated the Court of Appeals analytical approach to assessing whether an instruction on misdemeanor fleeing and eluding was factually appropriate.

The State charged Berkstresser with felony fleeing and eluding. This crime consists of five elements, including reckless driving. K.S.A. 2017 Supp. 8-1568(b)(1)(C). The lesser included offense of misdemeanor fleeing and eluding contains identical elements except it does not require reckless driving. K.S.A. 2017 Supp. 8-1568(a). Per K.S.A. 2021 Supp. 22-3414(3), it would have been factually appropriate for the district court to instruct the jury on misdemeanor fleeing and eluding so long as there was "some evidence which would reasonably justify a conviction of [the] lesser included crime." The majority interprets this language to require the district court to instruct the jury on a lesser included crime whenever there is sufficient evidence to support the elements of the lesser included crime. I interpret this language to require the district court judge to also assess whether the evidence would "reasonably justify" a jury's rejection of the higher crime in favor of the lesser crime. In this case, that would amount to a rejection of the reckless

15

driving element. The Court of Appeals undertook this assessment and, in my opinion, correctly concluded the evidence would reasonably justify a conviction of the lesser offense because there was plenty of evidence to suggest Berkstresser did not drive recklessly. Ultimately, however, like the majority of this court, I am not firmly convinced the jury would have reached a different verdict even if the instruction had been offered.

The majority called the panel's approach error, admonishing it for going beyond a sufficiency test to assess whether the evidence suggested the jury would have rejected the reckless driving element of the charged crime. This court explicitly set out the majority's chosen approach in *State v. Haberlein*, 296 Kan. 195, 204, 290 P.3d 640 (2012). In *Haberlein*, the defendant was charged with first-degree premeditated murder. While there was overwhelming evidence of premeditation—the only element setting premeditated murder apart from the lesser count of intentional murder—the majority held an instruction on intentional murder would have been factually appropriate because "at least in theory, the jury could have chosen to convict Haberlein of second-degree intentional murder without having its verdict subject to reversal for insufficient evidence." 296 Kan. at 204. I wrote separately, because "the test set forth in K.S.A. 22-3414(3) is not a theoretical one. Instead, it requires the trial judge, who has heard the evidence in the case, to determine whether there is 'some evidence which would *reasonably justify a conviction*.'" 296 Kan. at 214.

I have reiterated my position many times prior to and since *Haberlein*, and I maintain it today. See *State v. Williams*, 308 Kan. 1439, 1463, 430 P.3d 448 (2018); *State v. McLinn*, 307 Kan. 307, 350, 409 P.3d 1 (2018); *State v. Fisher*, 304 Kan. 242, 265, 373 P.3d 781 (2016); *State v. Qualls*, 297 Kan. 61, 73, 298 P.3d 311 (2013); *State v. Tahah*, 293 Kan. 267, 280-84, 262 P.3d 1045 (2011); *State v. Scaife*, 286 Kan. 614, 627-31, 186 P.3d 755 (2008). The factual appropriateness inquiry on jury instruction errors should not be synonymous with a theoretical sufficiency of the evidence assessment. Such a test

requires a district court to instruct a jury on a lesser included offense regardless of how unbelievable it would be for a jury to reject the higher crime and convict of the lesser. This conflicts with K.S.A. 2021 Supp. 22-3414(3)'s directive to district courts to offer instructions on lesser included offenses when the evidence would "reasonably justify" a jury to convict of a lesser offense. The majority's approach also renders the factual appropriateness inquiry of our instructional error analysis a nullity in most cases. There will always be sufficient evidence to support the lesser included offense when all its elements are included within the charged offense. Otherwise, the case is subject to dismissal on a motion for acquittal. See K.S.A. 22-3419 (directing court to grant motion for acquittal at close of State's evidence when there is not sufficient evidence to support charge).

Because the majority's opinion conflicts with the directive in K.S.A. 2021 Supp. 22-3414(3) and eliminates a mandated role of the trial court judge, I concur in the judgment only on the instructional error issue.

STEGALL, J., joins the foregoing concurring opinion.