IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,741

STATE OF KANSAS,
*Appellee*,

v.

DOMINIC VARGAS,
*Appellant*.

SYLLABUS BY THE COURT

1.

A district court has no authority to hold one of two convictions for alternatively charged counts in abeyance.

2.

When a jury returns guilty verdicts on two alternatively charged counts, a district court may enter only one conviction.

3.

Where alternatively charged counts result in multiple guilty verdicts for alternative ways of committing one crime, the multiple verdicts merge into one conviction.

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 25, 2019. Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed July 30, 2021. Judgment of the Court of Appeals reversing the district court is affirmed in part and reversed in part on the issue subject to review. Judgment of the district court is reversed on the issue subject to review, and the case is remanded to the district court with directions.

1

*Kasper Schirer,* of Kansas Appellate Defender Office, argued the cause, and was on the brief for appellant.

*Lance J. Gillett*, assistant district attorney, argued the cause, and *Marc Bennett,* district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

WILSON, J.: The State seeks review of the portion of the judgment of the Court of Appeals in *State v. Vargas*, No. 119,741, 2019 WL 5485179 (Kan. App. 2019) (unpublished opinion), reversing one of Dominic Vargas' two alternatively charged convictions for fleeing or attempting to elude a law enforcement officer. The State asserts it is appropriate for the court to keep both convictions, so long as one is held "in abeyance." The State is wrong. The two guilty verdicts on alternatively charged counts in this case can support only one conviction. There is no authority for a second conviction, regardless of what it might be labelled. On this point we agree with the panel below. However, the panel overstepped by dictating that the second conviction must be reversed. Rather, the guilty verdicts on alternative counts charging the same crime merge by operation of law to result in a single conviction for fleeing or attempting to elude law enforcement. Consequently, we affirm the panel in part and reverse it in part. The district court is reversed on the sole issue before us, and we remand the matter to the district court with directions to enter an amended journal entry reflecting the merger of the two guilty verdicts into one conviction, as we will discuss below.

FACTUAL AND PROCEDURAL BACKGROUND

For purposes of our review, the underlying facts of this case are not at issue; a more detailed summary of the facts may be found in the Court of Appeals opinion. Briefly stated, on March 31, 2016, Sedgwick County Sheriff's Deputy James Maness saw

a black Pontiac G6 cut other cars off on Kellogg Avenue. Maness activated his lights and siren in an effort to pull the G6 over, but when the G6's driver—later identified by Maness as Vargas—defied these signals and "floored it" to escape, Maness pursued him. Vargas ultimately evaded Maness after a short pursuit through Wichita, at one point exceeding 120 mph in a 50 mph zone. During the chase, Maness saw Vargas commit numerous traffic violations, including speeding infractions, running red lights, and failing to use turn signals, among others.

Maness subsequently learned that the G6 belonged to Jessica Garcia. Deputies dispatched to her residence learned that Vargas was Garcia's boyfriend. Although Garcia and the deputies presented somewhat conflicting testimony at trial on this point, the deputies were informed, at the very least, that Vargas had access to Garcia's car that day. Based on Vargas' driver's license photo and his observations of the G6's driver during the pursuit, Maness identified the G6's driver as Vargas.

Following this identification, the State charged Vargas with two alternative counts of fleeing or attempting to elude an officer: the first alleging, under "K.S.A. 2015 Supp. 8-1568(b)(1)(E)[,](c)(2)," that Vargas committed five or more moving violations (Count One) and the second alleging, under "K.S.A. 2015 Supp. 8-1568(b)(1)(C)[,](c)(2)," that Vargas engaged in reckless driving (Count Two). The State also charged Vargas with unlawfully operating a motor vehicle based on failure to signal a lane change (Count Three).

At the conclusion of trial, the jury returned guilty verdicts on all three counts, and the district court convicted Vargas of all three. At sentencing, the State suggested that the district court could hold Count Two "in abeyance" and sentence Vargas based on Count One as the primary crime of conviction, and—with no objection from Vargas' counsel— the district court agreed. The district court then sentenced Vargas on Count One and

3

Count Three, giving him a total term of 15 months' incarceration. The journal entry ultimately entered by the district court memorialized Vargas' conviction for Count Two but noted that the sentence was held in abeyance.

Vargas appealed. Before the Court of Appeals, Vargas argued—among other things—that the district court erred by entering convictions on both alternatively charged counts of fleeing or attempting to elude a law enforcement officer. The State, meanwhile, conceded that merger of Counts One and Two could be appropriate but argued that the district court's decision to hold Count Two in abeyance eliminated the need to consider merger. The panel noted this concession but said no more about the question of merger. Based largely on *State v. Garza*, 290 Kan. 1021, 1035-36, 236 P.3d 501 (2010), the panel concluded that the district court lacked authority to enter both convictions, and that it had no authority to hold one conviction in abeyance. The panel went on to state:

> "Accordingly, we [reverse] Vargas' second conviction for fleeing or attempting to elude a
> law enforcement officer for reckless driving and remand this case with directions to the
> district court to enter an amended journal entry reflecting one conviction for fleeing or
> attempting to elude a law enforcement officer as well as the conviction for failing to
> signal a lane change." *Vargas*, 2019 WL 5485179, at *4.

The panel rejected Vargas' other claimed errors, including a challenge to the verdict form, a challenge to the district court's denial of Vargas' motion for mistrial, and a claim of prosecutorial error, along with a claim of cumulative error. 2019 WL 5485179, at *4-8. Both parties petitioned this court for review, but we granted only the State's cross-petition for review on the issue of the district court's authority to hold in abeyance an alternatively charged conviction.

For reasons set out more fully below, we hold that both alternatively charged convictions cannot stand. In this case, the alternative jury verdicts for one crime—fleeing

or attempting to elude law enforcement—merge to form one conviction for fleeing or attempting to elude law enforcement.

ANALYSIS

*The district court lacked authority to enter two convictions on the alternative counts of fleeing or attempting to elude law enforcement.*

*Standard of Review*

As the issue before this court requires consideration of whether the district court exceeded its statutory authority and whether the district court entered multiplicitous convictions, we review the district court's decision de novo. See, e.g., *State v. George*, 311 Kan. 693, 696, 466 P.3d 469 (2020) (multiplicity); *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014) (statutory interpretation); *In re Marriage of Doney & Risley*, 41 Kan. App. 2d 294, 297, 201 P.3d 770 (2009) (district court exceeding statutory authority).

*Discussion*

Vargas' at-issue convictions lie under K.S.A. 2015 Supp. 8-1568(b)(1), which provides, in relevant part:

> "(b) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, and who:  (1) Commits any of the following during a police pursuit:  . . . (C) engages in reckless driving as defined by K.S.A. 8-1566, and amendments thereto; . . . or (E) commits five or more moving violations."

5

We have recognized that driving recklessly and committing moving violations might occur simultaneously.

> "The State can prove that unsafe vehicle operation by either establishing the definition of 'reckless' as applicable to the crime of reckless driving or by establishing that, during the flight, the defendant committed five or more moving violations. Contrary to being mutually exclusive, those proofs would most likely overlap. *It is difficult to imagine that a juror would not view the act of running multiple stop signs at speeds exceeding 100 miles per hour as evidence of reckless driving.*" (Emphasis added.) *State v. Castleberry*, 301 Kan. 170, 185, 339 P.3d 795 (2014).

The panel here, relying on *Garza*, 290 Kan. at 1036, reversed Vargas' conviction for Count Two because "'a defendant cannot be convicted of both offenses when the crimes are charged in the alternative.'" *Vargas*, 2019 WL 5485179, at *4. The panel also noted that *Garza* cited *State v. Blanchette*, 35 Kan. App. 2d 686, 704, 134 P.3d 19 (2006), and *State v. Dixon*, 252 Kan. 39, 49, 843 P.2d 182 (1992), for support. *Vargas*, 2019 WL 5485179, at *4.

The State attempts to "save" the second conviction by claiming that the district court may hold one alternatively charged conviction "in abeyance." In support, the State cites several cases where *appellate* courts have held (or recognized the holding of) entire cases, or portions of those cases, in abeyance for various procedural reasons; the State also cites several cases where a district court has purported to stay or hold in abeyance some aspect of a case, usually as part of an agreement with the defendant. See, e.g., *Gannon v. State*, 303 Kan. 682, 741, 368 P.3d 1024 (2016) (mandate stayed in order to give the Legislature time to craft a solution); *State v. Petersen-Beard*, 304 Kan. 192, 212, 377 P.3d 1127 (2016) (Johnson, J., dissenting) (dissent recognized that the appeal in another case had been "held in abeyance pending" the *Petersen-Beard* decision); *State v. Scott*, 286 Kan. 54, 91, 183 P.3d 801 (2008) (recognizing that appeal had been held in abeyance pending outcome of *Kansas v. Marsh*, 548 U.S. 163, 126 S. Ct. 2516, 165 L.

6

Ed. 2d 429 [2006]), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016); *State v. Campbell*, 273 Kan. 414, 424, 44 P.3d 349 (2002) (recognizing district court's authority to sentence a defendant on counts initially suspended under an agreement between the defendant and the State); *State v. Orr*, 262 Kan. 312, 316, 940 P.2d 42 (1997) (appellate court retained jurisdiction over appeal despite a remand for a hearing under *State v. Van Cleave*, 239 Kan. 117, 119, 716 P.2d 580 [1986]); *State v. Dalton*, 21 Kan. App. 2d 50, 55, 895 P.2d 204 (1995) (diversion agreement placed criminal charges "in abeyance"); *State v. Bollig*, No. 115,408, 2018 WL 1976689, at *22 (Kan. App. 2018) (unpublished opinion) (appellate court retained jurisdiction over the appeal despite remanding the matter to the district court for further findings of fact on a suppression issue); *State v. Peterson*, No. 116,931, 2018 WL 4840468, at *6 (Kan. App. 2018) (unpublished opinion) (appellate court retained jurisdiction over the appeal despite remanding the matter to the district court to conduct a hearing under *Batson v. Kentucky*, 476 U.S. 79, 88-89, 106 S. Ct. 1712, 90 L. Ed. 2d 69 [1986]), *rev. denied* 309 Kan. 1352 (2019).

However, we find these authorities to be distinguishable. None of the above cases support a district court's exercise of power to hold a criminal *conviction* in abeyance.

Several cases have considered the ultimate fate of multiple convictions on alternatively charged counts. In *State v. Sullivan*, 224 Kan. 110, 112, 578 P.2d 1108 (1978), *disapproved of on other grounds by State v. Berry*, 292 Kan. 493, 254 P.3d 1276 (2011), one of the defendants received two convictions and sentences for first-degree murder arising out of a single killing. As the court wrote:

> "As pointed out in *State v. Jackson*, 223 Kan. 554, 575 P.2d 536 (1978), two first degree murder convictions and sentences stemming from one homicide constitute double punishment and cannot be allowed to stand. When an information charges the defendant with premeditated murder and felony murder for the commission of a single homicide the

7

state may introduce evidence on both theories at the trial, but the trial court should instruct the jury on both theories in the alternative in order to avoid double convictions or sentences. *If either or both theories are proven only one conviction of murder in the first degree results.* Accordingly, one of the sentences for murder in the first degree . . . must be and the same is hereby set aside." (Emphasis added.) 224 Kan. at 112.

Actually, *State v. Jackson* reached a slightly different outcome. 223 Kan. 554, 575 P.2d 536 (1978). There, the Kansas Supreme Court found "technical[]" error in the district court's jury "instruction regarding conviction on both theories" and in "the conviction under both theories," but did not reverse because Jackson received only one sentence. The court went on to "hold it to be better practice for the trial court to instruct the jury in the alternative on first degree murder so that no possibility of jury confusion results." 223 Kan. at 557. Thus, while the *Sullivan* court was unequivocal that only one conviction could result, the *Jackson* court apparently let both convictions stand. Nevertheless, as a later case clarified:

> "It has long been the law of Kansas that an accusatory pleading in a criminal action may, in order to meet the exigencies of proof, charge the commission of the same offense in different ways. *In such a situation, a conviction can be upheld only on one count, the function of the added counts in the pleading being to anticipate and obviate fatal variance between allegations and proof.* Thus, it has been held proper to charge by several counts of an information the same offense committed in different ways or by different means to the extent necessary to provide for every possible contingency in the evidence." (Emphasis added.) *State v. Saylor*, 228 Kan. 498, 503, 618 P.2d 1166 (1980) (citing numerous cases).

Thus, our caselaw fails to disclose any authority for the district court to hold an alternatively charged conviction in abeyance. Nor does K.S.A. 2020 Supp. 22-3424—or any other statute—provide such authority. The State suggests that nothing in K.S.A. 2020 Supp. 22-3424 requires a district court to dismiss one of two guilty verdicts on alternative theories, but we find this proposition to be irrelevant. The infirmity of multiple

8

convictions on alternatively charged theories arises from double jeopardy concerns, not from statute.

> "The Double Jeopardy Clause of the Fifth Amendment provides: '[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb.' U.S. Const. amend. V. The provision was made applicable to the States by the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969). . . .

> . . . .

> "[T]he [United States Supreme] Court divides the protection created by the Double Jeopardy Clause of the Fifth Amendment into three broad categories, stating the clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *State v. Schoonover*, 281 Kan. 453, 463, 133 P.3d 48 (2006).

This case raises double jeopardy concerns of multiple punishments for the same offense, as opposed to successive prosecutions.

The State asserts there is no harm—no "punishment," if you will—for a conviction alone on the alternative count charged, so long as that conviction is held by what is described "in abeyance." Therefore, it reasons, there cannot be a double jeopardy concern. The State's position is not persuasive. The very *fact* of a conviction, regardless of its label as "in abeyance," shelved, "in the pocket," or anything similar, is punishment—even without a concomitant sentence. As the United States Supreme Court has explained:

> "The separate *conviction,* apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an

9

increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment. [Citations omitted.]"

*Ball v. United States*, 470 U.S. 856, 865, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985).

Consequently, we find no support for the State's proposition that a district court has the power to hold an alternative conviction in abeyance. However, we find support for the State's fallback position: that the verdict on Count Two should merge by operation of law with the verdict on Count One and result in one conviction. In this respect, we diverge from the panel's analysis.

Primarily, our criminal caselaw has discussed the concept of merger in the context of either felony murder or multiplicity. See, e.g., *State v. Pattillo*, 311 Kan. 995, 1000, 469 P.3d 1250 (2020) (discussing felony-murder implications); *Schoonover*, 281 Kan. at 478-95 (considering, and ultimately rejecting, continued application of the "single act of violence/merger" analysis to evaluate multiplicity). The PIK section on alternative charges advises, in relevant part, "If the jury returns appropriate verdicts of guilty to multiplicitous charges, the trial court must accept only the verdict as to the greater charge under a doctrine of merger." PIK Crim. 4th 68.090. The general rule elsewhere suggests that merger is the appropriate course of action when a jury returns guilty verdicts on two alternatively charged counts, as here. See, e.g. *State v. Berry*, 503 S.W.3d 360, 362 (Tenn. 2015); 21 Am. Jur. 2d, Criminal Law § 21 (merger appropriate, *inter alia*, when multiple convictions represent "offenses that merely offer an alternative basis for punishing the same criminal conduct"). We agree.

We have not previously expounded upon the practical impact of merger on the situation the State appears to fear the most: where one alternatively charged conviction is later reversed on appeal, leaving only a dismissed alternative conviction behind. The

State presents one such example in *Penn v. State*, No. 105,777, 2012 WL 3171813, at *6 (Kan. App. 2012) (unpublished opinion), where the district court—at the State's request—dismissed alternatively charged convictions at sentencing, while the surviving convictions were later reversed for lack of sufficient evidence. Without detouring unnecessarily into the facts, the *Penn* panel ultimately concluded that, once dismissed, alternatively charged convictions were "rendered void and cannot be reinstated." The panel also opined that "[t]he court could not have merged the verdicts into single convictions for each act of rape because doing so would have yielded an alternative means problem," citing *State v. Wright*, 290 Kan. 194, 201-06, 224 P.3d 1159 (2010), for support. 2012 WL 3171813, at *6.

We are skeptical of the *Penn* panel's somewhat offhanded remark about the nature of merger, given the doctrinal underpinnings of our alternative means caselaw. Indeed, where a jury finds a defendant guilty of *both* alternatives charged, there is no issue with juror unanimity, which lies at the core of our alternative means jurisprudence. See, e.g., *State v. Brown*, 295 Kan. 181, 188, 284 P.3d 977 (2012). When two alternatively charged jury verdicts merge into one conviction and an appellate court later reverses one of the verdicts based on insufficient evidence, for example, there is no concern that the jury was unclear as to which of the two theories it embraced—having returned unanimous guilty verdicts on both. Cf. *State v. Sanchez*, 282 Kan. 307, 319, 144 P.3d 718 (2006) ("[E]ven if a conviction on one underlying felony must be reversed, the felony-murder conviction can still be valid when, on a separate verdict form, the jury unanimously finds the defendant guilty of a different, legally sufficient felony that supports the felony-murder conviction."); Beier, *Lurching Toward the Light: Alternative Means and Multiple Acts Law in Kansas*, 44 Washburn L.J. 275, 300 (2005) ("Unless it is clear from a verdict form that the jury was unanimous on premeditated murder alone or on premeditated murder and on felony murder, the defendant cannot be sentenced to the harsher penalty.").

11

Here, the two alternatively charged counts required proof of the same elements for a single crime: fleeing or attempting to elude a pursuing police vehicle while driving dangerously. See *State v. Davis*, 312 Kan. 259, 264-66, 474 P.3d 722 (2020) (distinguishing elements of K.S.A. 2019 Supp. 8-1568[b][1] [dangerous driving while fleeing from an officer in pursuit, which creates an immediate public danger] from K.S.A. 2019 Supp. 8-1568[b][2] [evading capture for a felony, which does not necessarily present the same immediate public danger because there is no requirement of an active pursuit]). The two verdicts were, thus, multiplicitous. *Schoonover*, 281 Kan. at 497-98. Our opinion is limited to that circumstance. The merger of the two verdicts for multiplicitous, alternatively charged counts into one single conviction was the proper course of action. While the panel correctly diagnosed the problem of multiple convictions for the alternatively charged counts, we disagree with its proffered remedy for this problem, and reverse it in part on that basis.

We are sympathetic to the district court's attempted solution, in light of the unusual situation and the relative lack of precedential or statutory guidance on the proper course of action. Nevertheless, Vargas cannot receive two convictions for committing this single, alternatively charged crime. Accordingly, the alternatively charged jury verdict in Count One and Count Two must merge into one conviction.

CONCLUSION

The judgment of the Court of Appeals reversing the district court is affirmed in part and reversed in part on the issue subject to review. Judgment of the district court is reversed on the issue subject to review. The jury's verdicts of guilty in Count One and Count Two are merged as a matter of law. We remand this case to the district court with directions to enter an amended journal entry correctly reflecting that Vargas' second

12

verdict for fleeing or attempting to elude a law enforcement officer has merged with his first, resulting in a single conviction for fleeing or attempting to elude law enforcement.