NOT DESIGNATED FOR PUBLICATION

No. 127,841

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARLOS JACKSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Submitted without oral argument. Opinion filed August 22, 2025. Affirmed.

*Merideth J. Hogan*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, deputy district attorney, *Thomas R. Stanton*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., SCHROEDER and PICKERING, JJ.

PER CURIAM: Carlos Jackson timely appeals from his conviction and sentence for aggravated battery. He argues that, because the jury found him guilty of aggravated battery and battery on a corrections officer, he should only have been sentenced for battery on a corrections officer because it was the more specific offense and both charges stemmed from the same conduct. After careful review, we find the district court correctly sentenced Jackson for aggravated battery, and we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In July 2019, while serving a prison sentence in the Hutchinson Correctional Facility, Jackson punched Corrections Officer Edwin A. Towers Jr. in the face when Towers approached him in the prison cafeteria. Towers suffered a chipped tooth and a fracture to the left side of his nose. The injuries required two corrective surgeries. Towers experienced constant pain for approximately two years and intermittent pain thereafter.

The State charged Jackson with battery on a corrections officer under K.S.A. 2019 Supp. 21-5413(c)(3)(A), a severity level 5 person felony, and later amended its complaint to include an alternative charge of aggravated battery under K.S.A. 2019 Supp. 21-5413(b)(1)(A), a severity level 4 person felony. See K.S.A. 2019 Supp. 21-5413(g)(3)(C); K.S.A. 2019 Supp. 21-5413(g)(2)(A). A jury ultimately returned guilty verdicts on both offenses.

Prior to sentencing, Jackson filed a brief regarding the rule of lenity, arguing the rule required he only be sentenced for the less severe offense of battery on a corrections officer. The district court denied Jackson's request and sentenced him for the severity level 4 aggravated battery, ordering him to serve 162 months' imprisonment, concurrent with his existing sentence. The journal entry of sentencing reflects Jackson was only convicted of aggravated battery. Additional facts are set forth as needed.

ANALYSIS

Jackson argues the district court erred in sentencing him for severity level 4 aggravated battery. He asserts that, under K.S.A. 21-5109(d), he should have been sentenced for severity level 5 battery on a corrections officer because that was the more specific offense. The State asserts the issue was not properly preserved and should not be reviewed. However, the issue was raised in Jackson's presentencing motion, was argued

2

and ruled on at sentencing, and Jackson objected to the district court's decision to sentence him for the higher severity level offense. The State is asking us to cut "too finely" with the preservation rule—something our Supreme Court recently cautioned against in *State v. Collins*, 320 Kan. 211, 218, 564 P.3d 393 (2025). We will consider Jackson's argument on the merits.

The issue on appeal turns on the interpretation of K.S.A. 21-5109(d), which presents a question of law subject to unlimited review. See *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained.

> "[We] must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, [we] should not speculate about the legislative intent behind that clear language, and [we] should refrain from reading something into the statute that is not readily found in its words." *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022).

Where there is no ambiguity, we do not need to resort to statutory construction. Only if the statute's language or text is unclear or ambiguous will we use canons of construction or legislative history to construe the Legislature's intent. *State v. Betts*, 316 Kan. 191, 198, 514 P.3d 341 (2022). When construing statutes to determine legislative intent, we consider various provisions of an act *in pari materia* to reconcile and bring the provisions "into workable harmony, if possible." *State v. Strong*, 317 Kan. 197, 203, 527 P.3d 548 (2023). We must also "construe statutes to avoid absurd or unreasonable results" and "presume the Legislature does not intend to enact meaningless legislation." *State v. Gomez*, 320 Kan. 3, 15, 561 P.3d 908 (2025).

Jackon's argument is unpersuasive given the plain language of K.S.A. 21-5109(d), which provides:

"(d) Unless otherwise provided by law, when crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct, the defendant:
(1) May not be convicted of the two crimes based upon the same conduct; and
(2) shall be sentenced according to the terms of the more specific crime."

Here, Jackson is essentially asking us to construe K.S.A. 21-5109(d)(2) in isolation—something we cannot do. See *Strong*, 317 Kan. at 203. Jackson admits the elements of aggravated battery and battery on a corrections officer require the State to prove different facts to establish each offense. However, he argues that, because the same underlying conduct resulted in both convictions, K.S.A. 21-5109(d)(2) requires he be sentenced for battery on a corrections officer. We are not persuaded by his argument.

Simple battery is: "Knowingly or recklessly causing bodily harm to another person; or . . . knowingly causing physical contact with another person when done in a rude, insulting or angry manner." K.S.A. 21-5413(a). Aggravated battery under K.S.A. 21-5413(b)(1)(A) is defined as: "Knowingly causing great bodily harm to another person or disfigurement of another person." The record reflects Towers suffered great bodily harm with his chipped tooth and two surgeries to correct his injuries. Battery on a corrections officer under K.S.A. 21-5413(c)(3)(A) is defined as: "battery as defined in subsection (a) committed against a . . . [s]tate correctional officer or employee by a person in custody of the secretary of corrections, while such officer or employee is engaged in the performance of such officer's or employee's duty"—in other words, simple battery against a corrections officer.

Battery on a corrections officer under K.S.A. 21-5413(c)(3)(A) is a more specific type of conduct than is generally prohibited under K.S.A. 21-5413(a). If Jackson had

4

been convicted of simple battery and battery on a corrections officer, he would be correct he could only be convicted and sentenced for the more specific offense of battery on a corrections officer. But that would be a fruitless endeavor on his part as battery on a corrections officer is a higher severity offense (level 5 person felony) than simple battery (class B person misdemeanor). See K.S.A. 2019 Supp. 21-5413(g)(1) and (g)(3)(C).

Aggravated battery does not prohibit the same conduct as battery on a corrections officer. Aggravated battery is done by "[k]nowingly causing great bodily harm to another person or disfigurement of another person." (Emphases added.) K.S.A. 21-5413(b)(1)(A). This conduct differs from simple battery in several ways. First, one variation of simple battery can be committed knowingly or recklessly. K.S.A. 21-5413(a)(1). Second, simple battery can be committed by causing bodily harm, whereas aggravated battery requires great bodily harm or disfigurement. Compare K.S.A. 21-5413(a)(1) with K.S.A. 21-5413(b)(1)(A). Finally, simple battery can be committed without causing any bodily harm, provided contact was knowingly made "with another person in a rude, insulting or angry manner." K.S.A. 21-5413(a)(2). In contrast, K.S.A. 21-5413(b)(1)(A) does not require contact.

While there is some overlap in the kinds of conduct prohibited, aggravated battery and battery on a corrections officer do not "differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." See K.S.A. 21-5109(d). This is underscored by the fact corrections officers are included as law enforcement officers in the definition of battery on a law enforcement officer but not under aggravated battery on a law enforcement officer. Compare K.S.A. 21-5413(c)(3) with K.S.A. 21-5413(d)(1) and (d)(2). For reasons we will not speculate upon, our Legislature treats simple battery on a corrections officer differently from simple battery on any other person but does not treat aggravated battery on a corrections officer differently from other aggravated batteries. Still, aggravated battery is a crime committed against "another person," which certainly applies to corrections officers.

5

K.S.A. 21-5413(b)(1)(A). And aggravated battery prohibits different conduct than simple battery. Compare K.S.A. 21-5413(a)(1) and (a)(2) with K.S.A. 21-5413(b)(1)(A). Thus, battery on a corrections officer under K.S.A. 21-5413(c)(3) and aggravated battery under K.S.A. 21-5413(b)(1)(A) are not crimes that come within the scope of K.S.A. 21-5109(d).

As the State correctly points out, this is a case where alternative charges were submitted to the jury and the jury convicted Jackson of both. While the jury is free to do so, the conviction for battery on a corrections officer merged with the higher severity offense of aggravated battery, and that is the only crime Jackson could be convicted of and sentenced for. It is well established: "When a defendant has been charged in the alternative, the defendant may be convicted of only one of the alternative offenses." *State v. Garza*, 290 Kan. 1021, Syl. ¶ 5, 236 P.3d 501 (2010). Another panel of our court recently addressed a similar issue in *State v. Casteel*, No. 127,236, 2025 WL 1671998, at *5 (Kan. App. 2025) (unpublished opinion), *petition for rev. filed* July 14, 2025, finding: "In this scenario—when a jury returns guilty verdicts on two alternatively charged counts—the doctrine of merger applies, and the district court must accept only the verdict as to the greater charge. *State v. Vargas*, 313 Kan. 866, 873, 492 P.3d 412 (2021)." The *Casteel* panel found the district court correctly accepted the verdict and sentenced Casteel for the greater charge of severity level 4 aggravated battery where he had been alternatively charged with and convicted of severity level 5 attempted voluntary manslaughter. We find the *Casteel* panel's decision well-reasoned and persuasive. Here, too, the district court appropriately accepted the verdict on the greater offense of aggravated battery and sentenced Jackson for that offense.

Affirmed.